**Curtis MAYS, Appellee,**

v.

**William HARRIS, Sheriff Nelson County, Appellant.**

**No. 74–1409.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 4, 1975.

Decided Aug. 25, 1975.

Robert E. Shepherd, Jr., Asst. Atty. Gen. of Va. (Andrew P. Miller, Atty. Gen. of Va., and Sam D. Eggleston, Jr., Lovingston, Va., Atty. for the Com. for the County of Nelson, on brief), for appellant.

William M. McClenny, Jr., Amherst, Va., for appellee.

Before WINTER, CRAVEN and WIDENER, Circuit Judges.

CRAVEN, Circuit Judge:

On petition to reconsider, we withdraw our prior opinion and substitute the following:

On March 6, 1970, the Circuit Court of Nelson County, Virginia, adjudged Curtis Mays to be an habitual offender of the Commonwealth's motor vehicle laws because of his four misdemeanor convictions within seven years. The court directed Mays to surrender his

driver's license and not to operate a motor vehicle in Virginia. Mays did not appeal. On June 4, 1973, the same court convicted Mays of having twice violated Virginia law [1] by operating a motor vehicle while classified as an habitual offender and sentenced him to one year in jail for each violation. Mays did not appeal to the Supreme Court of Virginia, but instead sought a writ of habeas corpus from the United States District Court for the Western District of Virginia.[2]

On October 2, 1973, the district court entered an opinion and judgment declaring the 1970 habitual offender adjudication a nullity because two of the four underlying convictions, both in 1969, were invalid because Mays was tried and imprisoned without counsel and without having waived counsel. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The district judge reasoned that the nullity of the 1970 adjudication necessarily voided the 1973 convictions for driving while adjudged an habitual offender and ordered that Mays be released. We reverse because the sentence about which Mays complains does not depend on the validity of his underlying convictions.

The 1973 convictions that Mays now attacks did not follow directly and inexorably from the earlier adjudication: a new element was essential—that he drive a motor vehicle in the face of an order forbidding that he do so. The Circuit Court of Nelson County had enjoined Mays "not to operate a motor vehicle on the highways of the Commonwealth of Virginia," but Mays chose to ignore the injunction. The statute under which he was subsequently convicted makes it "unlawful for any person to operate any motor vehicle in this State while the order of the court prohibiting such operation remains *in effect.*" Va.Code Ann. § 46.1–387.8 (emphasis added). Mays was convicted and sentenced, therefore, not because he was an adjudged habitual offender, but because he wilfully and flagrantly violated an extant court order.

In *Walker v. Birmingham,* 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967), the Supreme Court upheld contempt of court convictions and punishment of civil rights demonstrators who had wilfully violated an apparently overbroad state court injunction against protest marches without first attempting to have it dissolved. The Court refused to allow the demonstrators to show invalidity of the injunction as a defense to the contempt citations, stating that "they could not bypass orderly judicial review of the injunction before disobeying it." 388 U.S. at 320, 87 S.Ct. at 1832.

We believe the principle of *Walker* is fully applicable here. Mays can test his adjudication as an habitual offender, but he cannot with impunity choose to ignore the adjudication and resulting injunction for, as the Court said in *Walker,* "in the fair administration of justice no man can be judge in his own case." *Id.*

1. Va.Code Ann. § 46.1–387.8:

    *Operation of motor vehicle by habitual offender prohibited; penalty; enforcement of section.*—It shall be unlawful for any person to operate any motor vehicle in this State while the order of the court prohibiting such operation remains in effect, . . . .. Any person found to be an habitual offender under the provisions of this article who is thereafter convicted of operating a motor vehicle in this State while the order of the court prohibiting such operation is in effect, shall be punished by confinement in the penitentiary not less than one nor more than five years . . . ..
    For the purpose of enforcing this section, in any case in which the accused is charged with driving a motor vehicle while his license, permit or privilege to drive is suspended or revoked or is charged with driving without a license, the court before hearing such charge shall determine whether such person has been held an habitual offender and by reason of such holding is barred from operating a motor vehicle on the highways of this State. If the court determines the accused has been so held, it shall certify the case to the court of record of its jurisdiction for trial.

2. Mays did institute an appeal after filing his habeas petition, and we have been informed by the Assistant Attorney General of Virginia that the state supreme court has decided the appeal against Mays. State remedies have thus been exhausted.

In requiring obedience to court orders until vacated, we support the salutary state policy of protecting the public from potentially dangerous drivers. If a traffic offender like Mays should successfully attack his status on the basis of *Argersinger*, the state may then elect to provide him with counsel and retry him for the underlying offenses in order to reimpose the habitual offender status and keep him off the highway. To permit one who has been adjudged an habitual offender to disregard his status, however vulnerable, and later defend any conviction for doing so by asserting the invalidity of his underlying convictions is to allow him to judge his own case. That he may not do. *Walker, supra.*

*Reversed.*

WIDENER, Circuit Judge (concurring):

I concur in the result for the reasons expressed by Mr. Justice Harrison in *Whorley* v. *Commonwealth,* Va., 214 S.E.2d 447 (April 28, 1975), a case on all fours with the case before us.