**Alexandria**

KEVIN L. EAGLESTON

v.

COMMONWEALTH OF VIRGINIA

No. 2203-91-4

Decided June 14, 1994

470

COUNSEL

Jack S. Rhoades (Cake & Rhoades, P.C., on briefs), for appellant.

Robert Q. Harris, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal of his conviction in a consolidated trial of two offenses of operating a motor vehicle after being declared an habitual offender, Kevin L. Eagleston contends that the trial court (1) subjected him to double jeopardy by convicting him of the habitual offender offenses after he had previously been convicted of other offenses arising out of the same incidents, (2) erred in holding valid his habitual offender adjudication, which was based in part upon his conviction of driving while intoxicated under an ordinance that was subsequently ruled invalid, and (3) erred in holding valid his adjudication as an habitual offender without the appointment of a guardian *ad litem*. We find no error and affirm the judgment of the trial court.

On December 15, 1988, the Circuit Court of Fairfax County declared Eagleston an habitual offender pursuant to Code § 46.1-387.6 (now Code § 46.2-355).

On September 15, 1990, Eagleston was charged with speeding and with driving after having been declared an habitual offender. The district court convicted him of speeding and certified the habitual offender charge.

On October 29, 1990, Eagleston was charged with speeding, attempting to elude the police, driving while intoxicated, and driving after being declared an habitual offender. The district court convicted him of driving while intoxicated and attempting to elude a police officer and certified the habitual offender charge.

The two habitual offender charges were consolidated for trial. Prior to trial, Eagleston moved to vacate one of the three convictions which underlay his habitual offender adjudication. He noted that one of the predicate convictions was his September 22, 1987 conviction of driving while intoxicated in violation of Fairfax

County Code § 82-4-17. He argued that because this ordinance had been held invalid, his conviction thereunder was void and could not serve as a predicate for his habitual offender adjudication. The trial court denied this motion.

Eagleston further moved to set aside as void his habitual offender adjudication because the adjudicating court had failed to appoint a guardian *ad litem* to represent him. He argued that as an alcoholic he was a person under disability. Philip Haber, a licensed professional counselor who counseled Eagleston from October 1987 until January 1988, testified that Eagleston was an alcoholic, but that during those four months he abstained from alcohol, regularly attended Alcoholics Anonymous, satisfactorily completed his counseling program, and "did excellent." Eagleston's wife testified that during this period of rehabilitation, Eagleston drank to the point of intoxication but maintained employment. The trial court denied the motion.

## I.

Eagleston first contends that, under principles of double jeopardy, his convictions of speeding, attempting to elude the police, and driving while intoxicated barred his convictions for driving after having been adjudged an habitual offender arising out of the same incidents. Our decision in *Moore v. Commonwealth*, 14 Va. App. 198, 415 S.E.2d 247 (1992), resolves this issue against him. Eagleston's conviction of driving after being declared an habitual offender required proof of his status as an habitual offender and of his operation of a motor vehicle after having been so declared. Because Eagleston's convictions of speeding, eluding the police, and driving while intoxicated were based on proof of different elements, those convictions did not bar his prosecution on the habitual offender charges. *Id.* at 201, 415 S.E.2d at 249.

## II.

Eagleston next contends that his habitual offender adjudication was invalid because it was based on a conviction of driving while intoxicated in violation of Fairfax County Code § 82-4-17, an ordinance that has been held invalid. *See Commonwealth v. Knott*, 11 Va. App. 44, 47, 396 S.E.2d 148, 150 (1990). He argues that this conviction cannot support his adjudication as an habitual offender. *See Commonwealth v. Holtz*, 12 Va. App. 1151, 408 S.E.2d 561 (1991). This argument cannot now be raised.

Eagleston's habitual offender adjudication rested upon valid subject matter and personal jurisdiction. That adjudication was not appealed and became final. It cannot now be collaterally attacked. The validity of the predicate driving while intoxicated charge goes not to the validity of the habitual offender adjudication, but to its correctness. That issue has been foreclosed by final decision. *See Rook v. Rook*, 233 Va. 92, 94-95, 353 S.E.2d 756, 758 (1987). The United States Court of Appeals for the Fourth Circuit has reached the same conclusion. *See Mays v. Harris*, 523 F.2d 1258 (4th Cir. 1975). In *Mays*, the court stated:

> To permit one who has been adjudged an habitual offender to disregard his status, however vulnerable, and later defend any conviction for doing so by asserting the invalidity of his underlying convictions is to allow him to judge his own case. That he may not do.

*Id.* at 1260.

### III.

Finally, Eagleston contends that at the time of his habitual offender adjudication, he was an alcoholic and a person under disability. He argues that the court's failure to appoint a guardian *ad litem* to represent him renders the adjudication void and, thus, subject to collateral attack. We disagree. The adjudicating court had clear subject matter and personal jurisdiction in the proceeding against Eagleston. He was of lawful age and had not been adjudicated incompetent.

Eagleston argues that, although at the time of his habitual offender adjudication he was not a minor or a person under adjudicated disability, he was, nonetheless, a person under disability for whom the appointment of a guardian *ad litem* was required by Code § 8.01-9. Code § 8.01-2(6) provides, in pertinent part:

6. "Person under a disability" shall include:

\* \* \* \* \* \* \*

d. A drug addict or an alcoholic as defined in § 37.1-1.

Code § 37.1-1 provides, in pertinent part:

"Alcoholic" means a person who: (i) through use of alcohol has become dangerous to the public or himself; or (ii) because of such alcohol use is medically determined to be in need of medical or psychiatric care, treatment, rehabilitation or counseling.

■ Certain persons who are entitled to a guardian *ad litem* may waive that right. *Dunn v. Terry*, 216 Va. 234, 239, 217 S.E.2d 849, 854 (1975). One who actually lacks capacity to waive the right cannot do so. *Id.* at 236, 217 S.E.2d at 851. However, one who is disabled only as a matter of law, such as a convict, can do so. *Id.* at 239, 217 S.E.2d at 854.

■ An alcoholic is not *per se* civilly dead. He may freely execute contracts and deeds. Unless he actually lacks the capacity to do so, an alcoholic may waive the appointment of a guardian *ad litem*. Therefore, absent a showing of actual incapacity, a judgment against an alcoholic is voidable only, not subject to collateral attack. *Pigg v. Commonwealth*, 17 Va. App. 756, 760, 441 S.E.2d 216, 219 (1994) (en banc).

Whether a person who is an alcoholic has the capacity to waive his or her right to a guardian *ad litem* is a factual question. Alcohol-related offenses may derive from the misadventures of non-alcoholics. Alcoholics may live their lives without legal involvement. There is no necessary correlation between alcoholism and unlawful conduct. The evidence disclosed that Eagleston occasionally drank to excess and required therapy. The evidence also disclosed that he maintained employment, conducted his affairs and maintained himself satisfactorily *sui juris*. The record supports the trial court's determination that, at the time of his habitual offender adjudication, Eagleston's condition did not require the appointment of a guardian *ad litem*.

The judgment of the trial court is affirmed.

*Affirmed.*

Barrow, J., and Fitzpatrick, J., concurred.