COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Overton
Argued by teleconference


JEFFREY WAYNE BURCHETT
                                             OPINION BY
v.        Record No. 2531-96-3     JUDGE JOSEPH E. BAKER
                                          FEBRUARY 24, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF PULASKI COUNTY
                    Colin R. Gibb, Judge

        Randolph D. Eley, Jr., for appellant.

        Marla Graff Decker, Assistant Attorney
        General (Richard Cullen, Attorney General, on
        brief), for appellee.


     On September 17, 1996, the Pulaski County Circuit Court

(trial court), pursuant to proceedings instituted under the

version of Code § 46.2-352 in effect on April 20, 1995, entered

an order declaring Jeffrey Wayne Burchett (appellant) to be an

habitual offender.  Appellant contends the amended provisions of

Code § 46.2-352, which became effective January 1, 1996, and

which require the Commissioner of the Department of Motor

Vehicles (DMV) to make an initial determination of habitual

offender status, controlled the pending proceedings.  Therefore,

he asserts that on September 17, 1996, the trial court was not

authorized to make the habitual offender declaration.  We

disagree with appellant's contention and affirm the decision of

the trial court.

The following facts and procedures are not in dispute:

On April 20, 1995, the Commonwealth filed in the trial court an information and supporting DMV transcript to have appellant declared an habitual offender,[1] pursuant to which the court entered a show cause order under Code § 46.2-354.

On April 20, 1995, in relevant part, Code § 46.2-352 provided:

> The Commissioner shall certify, from the Department's records, substantially in the manner provided for in § 46.2-215, three transcripts or abstracts of those conviction documents which bring the person named therein within the definition of an habitual offender, as defined in § 46.2-351, to the attorney for the Commonwealth of the political subdivision in which the person resides according to the records of the Department or the attorney for the Commonwealth of the City of Richmond if the person is not a resident of the Commonwealth.

Related code provisions required the Commonwealth's attorney to file an information in the city or county in which, according to DMV records, the alleged habitual offender resided or in the Circuit Court for the City of Richmond for nonresidents. The determination of habitual offender status was then made by the circuit court judge. See Code §§ 46.2-353 to -355. However, effective January 1, 1996, Code § 46.2-352 changed and provided in part relevant to this appeal:

> A. [T]he Commissioner [of the DMV] shall determine, from the Department's

---

[1] The transcript disclosed appellant thrice had been convicted of driving offenses that subjected him to an habitual offender declaration.

records, whether a person named therein qualifies as an habitual offender, as defined in § 46.2-351. Upon such determination, the Commissioner shall immediately cause the Department's records to indicate that the person has been determined to be an habitual offender and shall revoke the person's driver's license for the period of time specified in § 46.2-356. The Commissioner shall immediately notify the person of the revocation and of his right to file a petition and request a hearing as provided in subsection B. Such notice shall be mailed by certified mail, return receipt requested, deliver to addressee only, to the address for the person contained in the Department's records. The revocation shall become effective thirty days from the date on which the notice was mailed.

\* \* \* \* \* \* \*

B. At any time after receipt of the revocation notice, as provided for in subsection A, or after otherwise learning of the revocation, a person who has been determined to be an habitual offender may file, with the circuit court of the county or city in which he resides, or with the Circuit Court of the City of Richmond if the person is not a resident of the Commonwealth, a petition for a hearing and determination by the court that the person is not an habitual offender. Jurisdiction shall also lie in a circuit court to which venue may be changed.

The DMV's most recent address for appellant on April 20, 1995 was in Pulaski County.

On August 22, 1995, appellant personally appeared, but without counsel, in response to a second show cause order[2] entered July 5, 1995. On August 30, 1995, the court entered an

---

[2]The first show cause order was not properly served on defendant because he could not be found.

- 3 -

order adjudicating him an habitual offender. Appellant then retained counsel and, on September 19, 1995, filed a petition for rehearing.[3] The court granted the motion and vacated its prior order.

On October 13, 1995, the court conducted the rehearing. The Commonwealth offered appellant's DMV driving history into evidence, but appellant objected because the document listed the Commonwealth's Attorney for the City of Radford as the requesting party rather than the Commonwealth's Attorney for Pulaski County. The court took the matter under advisement, and on December 15, 1995, gave the Commonwealth thirty days to correct the error. On January 4, 1996, the Commonwealth complied with the court's direction by filing a corrected DMV transcript but not a new information. The corrected DMV transcript, issued on December 21, 1995, continued to list Pulaski as appellant's most recent address. Appellant had provided no other address.

Following a continuance requested by appellant, the court reconvened the habitual offender hearing on September 17, 1996. At the close of the Commonwealth's evidence, for the first time, appellant challenged the court's application of the pre-amendment version of Code § 46.2-352 and related provisions, which were in effect at the commencement of the proceedings against him, rather

---

[3]Appellant contended that the court had continued the matter from August 22, 1995, so that he could retain counsel but that the court then erroneously entered the habitual offender order without first allowing him to appear with counsel.

than the amended statute which took effect on January 1, 1996.[4] The court denied the request and entered an order adjudicating appellant an habitual offender.

On April 20, 1995, Code § 46.2-352 and related code sections provided that an habitual offender information must be filed in the circuit court for the city or county in which the alleged offender resided. Here, that was Pulaski County. The subject information was filed on that date but for varying reasons the final adjudication hearing was not held and declaration made until September 17, 1996. Effective January 1, 1996, the amendment to Code § 46.2-352 requires that habitual offender determinations must first be made by the Commissioner of the DMV with the right to appeal the Commissioner's declaration to the circuit court of the city or county in which the alleged offender resides, unless the alleged offender is a nonresident of the Commonwealth, in which case the appeal is made to the Circuit Court of the City of Richmond.

Appellant argues that the new procedures effectively divested the Pulaski County Circuit Court of jurisdiction to render judgment in this matter. He contends that once the January 1, 1996 amendment became effective, the prior code provision no longer existed and, therefore, the trial court could

---

[4]Under the former version, the habitual offender adjudication occurs in the circuit court; under the latter, DMV makes the initial determination, which may be appealed to the circuit court.

not proceed on a non-existent statute.  In addition, appellant contends that when the information filed on April 20, 1995 was amended on January 4, 1996 to show the Commonwealth's Attorney of Pulaski County rather than that of the City of Radford as the requesting party, this constituted the filing of "new charges" governed by the amendment that became effective on January 1, 1996.

> The general rule is that statutes are prospective in the absence of an express provision by the legislature.  Thus when a statute is amended while an action is pending, the rights of the parties are to be decided in accordance with the law in effect when the action was begun, unless the amended statute shows a clear intention to vary such rights.

Washington v. Commonwealth, 216 Va. 185, 193, 217 S.E.2d 815, 823 (1975).  Because nothing in the amended code discloses a contrary intent, we hold that the provisions of Code § 46.2-352, as amended effective January 1, 1996, were intended to be prospective and did not divest the court of jurisdiction already acquired.  The failure of the legislature to express an intention to make the statute retroactive evidences a lack of such intention.  See McIntosh v. Commonwealth, 213 Va. 330, 331-32, 191 S.E.2d 791, 792 (1972).  Furthermore, the Commonwealth's filing of a corrected DMV transcript on January 4, 1996 did not affect the jurisdiction already acquired by the court through the underlying information.

Appellant cites Jackson v. National Linen Service Corp., 248

F. Supp. 962 (W.D. Va. 1965); Link v. Receivers of Seaboard Air Line Railway Co., 73 F.2d 149 (4th Cir. 1934); and Smith v. Commonwealth, 219 Va. 455, 248 S.E.2d 135 (1978), as support for his claim that the amended code provision should be viewed to apply to offenses committed and proceedings begun prior to the effective date of the amendment, thereby taking jurisdiction of this matter away from the trial court.  Insofar as language in any of those cases arguably could be construed to deny jurisdiction in this case, the express language of Washington and McIntosh clearly holds to the contrary, and we are bound by those decisions.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.