COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


WILLIAM MATTHEW THOMPSON
                                        OPINION BY
v.        Record No. 2860-96-2    JUDGE JOSEPH E. BAKER
                                        JUNE 30, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF AMELIA COUNTY
                    Thomas V. Warren, Judge

            A. Pierre Jackson (Law Office of A. Pierre
            Jackson, on brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee


        William Matthew Thompson (appellant) appeals from his bench

trial conviction by the Amelia County Circuit Court (trial court)

for driving after having been declared a habitual offender,

second offense, in violation of Code § 46.2-357.  Appellant

argues that because the habitual offender order had been declared

void ab initio, the trial court could not convict him for

violating that order.  In the alternative, appellant asserts that

allowing his conviction to stand would result in a manifest

injustice.  For the reasons that follow, we affirm the judgment

of the trial court.

        The relevant facts are not in dispute.[1]  On September 2,

1980, the Charlotte County Circuit Court (Charlotte) declared

_____
        [1]The facts are derived from a short statement of facts,
filed in lieu of a transcript, and various court orders.

appellant an habitual offender and directed that he not drive a motor vehicle for a period of ten years. On September 8, 1992, after a period of incarceration for violation of the 1980 habitual offender order, Charlotte again declared him an habitual offender and ordered that his license be suspended for another ten years. Following entry of that order, appellant was arrested for driving a vehicle in Chesterfield County on May 5, 1993, and charged with violating the 1992 Charlotte habitual offender order. At a hearing before the Chesterfield County Circuit Court (Chesterfield), appellant argued that the 1992 Charlotte habitual offender order was void because he "was under a disability of alcoholism" at the time of that proceeding and "no guardian ad litem had been appointed for him." Chesterfield agreed and declared the Charlotte habitual offender order void ab initio.

Thereafter, appellant was charged with driving in Amelia County on September 22, 1995, in violation of the Charlotte habitual offender order. On July 11, 1996, the trial court heard evidence offered in proof of the Amelia County charge. The sole issue in dispute before the trial court was whether Chesterfield's 1993 order declaring the Charlotte habitual offender order void ab initio was binding on the trial court so as to require dismissal of the Amelia County charge. "After hearing all the evidence, the Amelia County Circuit Court ruled that the decision by the Chesterfield County Circuit Court voiding the Charlotte County Circuit Court habitual offender

- 2 -

adjudication was ineffectual," and it "found [appellant] guilty as charged."

Appellant had been charged with driving after having been declared a habitual offender at least six times since he was first declared a habitual offender in 1980, and he had been convicted at least three times.

Appellant argues that, at the time of his 1992 habitual offender adjudication, the law required appointment of a guardian ad litem to assist a person under the disability of alcoholism before a court could obtain jurisdiction over that person. See Ruffin v. Commonwealth, 10 Va. App. 488, 393 S.E.2d 425 (1990). He further argues that the evidence presented in the Chesterfield proceeding proved that, at the time the Charlotte order was entered, he suffered from the disability of alcoholism and was not appointed a guardian ad litem. Therefore, he contends, Chesterfield correctly declared the Charlotte habitual offender order void ab initio for want of jurisdiction, requiring this Court to reverse his conviction. He acknowledges this Court's decision in Pigg v. Commonwealth, 17 Va. App. 756, 441 S.E.2d 216 (1994) (en banc), but he contends that Pigg does not apply because it was decided after Chesterfield declared the 1992 habitual offender adjudication void ab initio and it therefore could not revive that void order.

We disagree with appellant and affirm the trial court's finding that Chesterfield was without jurisdiction to void

- 3 -

Charlotte's 1992 habitual offender adjudication. As a general principle, when a prior order of a court with jurisdiction to hear a matter is collaterally attacked, "the Commonwealth is entitled to a presumption of regularity which attends the prior [judgment] because 'every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'" Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997) (quoting Parke v. Raley, 506 U.S. 20, 30 (1992)) (other citation omitted). As we explained in Pigg, a judgment is void ab initio only if it "has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." Pigg, 17 Va. App. at 760 n.5, 441 S.E.2d at 219 n.5 (quoting Rook v. Rook, 233 Va. 92, 94-95, 353 S.E.2d 756, 758 (1987)). Otherwise, a judgment is merely voidable and may be set aside only (1) by motion made in the trial court within twenty-one days of the entry of the judgment order under Rule 1:1, (2) on direct appeal to the appropriate appellate court, or (3) by a bill of review. See id. (citing Rook, 233 Va. at 95, 353 S.E.2d at 758; Blount v. Lentz, 241 Va. 547, 550, 404 S.E.2d 62, 64 (1991)).

Here, the Charlotte court "had clear subject matter and personal jurisdiction in the proceeding against [appellant]. He was of lawful age and had not been adjudicated incompetent." Eagleston v. Commonwealth, 18 Va. App. 469, 472, 445 S.E.2d 161, 163 (1994). Nor has appellant proved, under the test we

- 4 -

explained in Pigg, that his alcoholism deprived the court of jurisdiction.

> Certain persons who are entitled to a guardian ad litem may waive that right. One who actually lacks capacity to waive the right cannot do so. However, one who is disabled only as a matter of law, such as a convict, can do so.
>
> An alcoholic is not per se civilly dead. He may freely execute contracts and deeds. Unless he actually lacks the capacity to do so, an alcoholic may waive the appointment of a guardian ad litem. Therefore, absent a showing of actual incapacity, a judgment against an alcoholic is voidable only, not subject to collateral attack.

Eagleston, 18 Va. App. at 473, 445 S.E.2d at 164 (citing Pigg, 17 Va. App. 756, 441 S.E.2d 216) (other citations omitted).

Although Pigg was decided after the Chesterfield decision, it did not change the law; it simply clarified that a habitual offender who claims to have been an alcoholic at the time of his habitual offender adjudication may not collaterally attack that adjudication based on the absence of a guardian ad litem unless he proves "that he was incapable of understanding the [habitual offender] proceedings or representing himself." Pigg, 17 Va. App. at 762-63, 441 S.E.2d at 220-21. Here, because appellant made no such claim, his habitual offender adjudication was voidable only and was not subject to collateral attack in a subsequent proceeding. Therefore, Chesterfield lacked jurisdiction to void the Charlotte habitual offender order, and the Charlotte order remained in full force and effect.

Ruffin was a decision rendered by a three-judge panel of

this Court.  To the extent it conflicts with <u>Pigg</u>, <u>Ruffin</u> was overruled by the <u>en</u> <u>banc</u> Court sitting in <u>Pigg</u>.  <u>See</u> <u>Pigg</u>, 17 Va. App. at 762 n.7, 441 S.E.2d at 220-21 n.7.

Because the trial court had jurisdiction over the subject matter--the charge of driving in Amelia County on September 22, 1995, after having been declared a habitual offender--it was empowered to review the findings of both Charlotte and Chesterfield and to conclude that the Charlotte habitual offender order was in full force and effect on the day of the offense.  We will not disturb its finding.

Appellant further contends his conviction for driving after Chesterfield had declared the Charlotte habitual offender order void resulted in a manifest injustice.  He did not include this issue as a question presented in his petition for appeal, raising it for the first time in his designation of the contents of the appendix and questions to be presented.  Under Rule 5A:12(c), "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals."  Therefore, "no appeal was granted by this Court on that issue," and appellant may not unilaterally add it as a new issue.  <u>Cruz v. Commonwealth</u>, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991).  Finally, unlike Rule 5A:18, Rule 5A:12 contains no "good cause" or "ends of justice" exceptions.  Accordingly, we will not consider appellant's manifest injustice argument on appeal.[2]

_____

[2]For the first time at oral argument, appellant articulated this issue as resulting in a due process violation.  Under Rule

Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

<u>Affirmed.</u>

---

5A:12, our review of this argument also is barred.