COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


BENJAMIN MATTHEW MORGAN
                                              OPINION BY
v.        Record No. 2128-97-3    JUDGE DONALD W. LEMONS
                                            DECEMBER 15, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                        Charles M. Stone, Judge

            Elwood Earl Sanders, Jr., Director
            Capital/Appellate Services (Public Defender
            Commission, on briefs), for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


        Benjamin M. Morgan appeals his conviction for driving after

having been declared an habitual offender.  On appeal, he argues

that the doctrine of <u>res judicata</u> prohibits his conviction.

Finding no error, we affirm his conviction.

                              BACKGROUND

        On December 20, 1995, the Commonwealth's Attorney of Henry

County filed an information seeking to have Benjamin M. Morgan

declared an habitual offender.  A certified transcript of

Morgan's driving record was attached to the information, which

listed the following three convictions:  (1) driving while

intoxicated, second offense, on October 23, 1995, in Henry

County, Virginia; (2) driving under a revocation or suspension of

license, on June 28, 1995, in the state of South Carolina; and

(3) driving while intoxicated, first offense, on January 1, 1986,

in Henry County, Virginia.

The Henry County Circuit Court dismissed the information "with prejudice," finding that Morgan "does not fit within the definition of an Habitual Offender as set forth in the applicable statutes." The court directed the Clerk of Court to "file with the Department of Motor Vehicles an attested copy of this order." The court "further order[ed] that a certified copy hereof be mailed to [Morgan] at his last known address."

Effective January 1, 1996, the procedure for adjudicating an habitual offender was amended in Virginia. See Code § 46.2-352; see also Burchett v. Commonwealth, 26 Va. App. 696, 496 S.E.2d 154 (1998). On January 29, 1996, the Department of Motor Vehicles (DMV) sent Morgan an Order of Revocation which stated that his "privilege to operate motor vehicles in Virginia is revoked indefinitely effective February 28, 1996 at 12:01 A.M. because you were determined on January 25, 1996 to be an habitual offender." The order listed the same three offenses as the basis for the revocation as those named in the Henry County information. The order informed Morgan of his right to appeal this determination to the circuit court. Morgan signed for the order, which was sent via certified mail, on January 31, 1996. Morgan did not appeal or otherwise challenge the DMV order.

On December 21, 1996, Officer E.M. Nowlin, Jr., of the Martinsville Police Department, observed Morgan driving erratically. Suspecting that Morgan was intoxicated, Nowlin

stopped the vehicle and asked Morgan for his driver's license.
Morgan stated that he did not have a driver's license and offered
a Social Security card.  Utilizing Morgan's Social Security
number, the officer discovered Morgan's status as an habitual
offender.  Morgan made no comment to the officer about the status
of his license.

At trial, Morgan pled guilty to driving while intoxicated
but contested the charge of driving after having been declared an
habitual offender.  Morgan had been present in Henry County
Circuit Court in December 1995, when the initial petition was
dismissed.  He signed for the certified letter from the DMV on
January 31, 1996, but stated that he never read it.  He admitted
that he never appealed the DMV order of revocation or challenged
it in any way prior to his arrest.

RES JUDICIATA

"The bar of res judicata precludes relitigation of the same
cause of action, or any part thereof, which could have been
litigated between the same parties and their privies."  Smith v.
Ware, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992).  Res judicata
requires that four elements be present:  "(1) identity of the
remedies sought; (2) identity of the cause of action; (3)
identity of the parties; and (4) identity of the quality of the
persons for or against whom the claim is made."  Id. at 376, 421
S.E.2d at 445.  Res judicata must be pled just as the statute of
limitations is pled.  See Nelms v. Nelms, 236 Va. 281, 289, 374

S.E.2d 4, 9 (1988).  A plea is "a pleading which alleges a single state of facts or circumstances . . . which, if proven, constitutes an absolute defense to the claim."  Id. at 289, 374 S.E.2d at 9.

On appeal, Morgan claims the circuit court's dismissal of the petition to declare him an habitual offender in December 1995 bars the DMV order of revocation in January 1996 based upon the same prior convictions.  He argues that the prior proceeding in the Henry County Circuit Court was "an identical prior proceeding" to the DMV revocation process in January 1996. Morgan argues that the doctrine of res judicata bars the DMV order or renders it void.

The DMV order of revocation contained the following language:

> At any time after the receipt of the revocation notice, as provided for in subsection A, or after otherwise learning of the revocation, a person who has been determined to be an habitual offender may file, with the circuit court of the county or city in which he resides, or with the Circuit Court of the City of Richmond if the person is not a resident of the Commonwealth, a petition for a hearing and determination by the court that the person is not an habitual offender . . . .

In Highsmith v. Commonwealth, 25 Va. App. 434, 489 S.E.2d 239 (1997), we held that "[t]he doctrines of res judicata and collateral estoppel apply to criminal, as well as civil, proceedings."  Id. at 441, 489 S.E.2d at 242.  However, Morgan did not raise the issue of res judicata in response to the DMV

order and never filed a petition for a hearing contesting his adjudication. At trial, Morgan sought to collaterally attack in a criminal case that which he did not appeal in a civil proceeding.

In Mays v. Harris, 523 F.2d 1258 (4th Cir. 1975), the defendant was adjudicated an habitual offender in 1970. He surrendered his license and did not appeal the adjudication. In 1973, the defendant was convicted of two counts of violating Virginia law by operating a motor vehicle in violation of the order. He was sentenced to one year in jail for each violation. He then sought a writ of habeas corpus, attacking the validity of two of the four underlying convictions supporting his adjudication as an habitual offender. The District Court declared the 1970 habitual offender adjudication a "nullity" because the defendant's Sixth Amendment right to counsel had been violated in two of the four convictions. Also, the District Court voided the two 1973 convictions for operating a motor vehicle in violation of the order, holding "that the nullity of the 1970 adjudication necessarily voided the 1973 convictions for driving while adjudged an habitual offender." Id. at 1259.

The Fourth Circuit reversed the District Court and reinstated the convictions for driving after having been adjudicated an habitual offender "because the sentence about which Mays complains does not depend on the validity of his underlying convictions." Id. The court reasoned, "[t]he 1973

convictions that Mays now attacks did not follow directly and inexorably from the earlier adjudication:  a new element was essential that <u>he drove a motor vehicle in the face of an order forbidding that he do so</u>."  <u>Id.</u> (emphasis added).  Consequently, "Mays was convicted and sentenced . . . not because he was an adjudged habitual offender, but because he wilfully [sic] and flagrantly violated an extant court order."  <u>Id.</u>

The <u>Mays</u> court relied upon <u>Walker v. Birmingham</u>, 388 U.S. 307, 87 S. Ct. 1824, 18 L.Ed.2d 1210 (1967), in which the United States Supreme Court upheld contempt of court convictions for civil rights protestors who had willfully violated a state court injunction against protest marches.  As a defense to their convictions, the protestors argued that the injunction was "overbroad."  The Court declined to allow the protestors to use the invalidity of the injunction as a defense, stating, "they could not bypass orderly judicial review of the injunction before disobeying it."  <u>Walker</u>, 388 U.S. at 320, 87 S. Ct. at 1832.

Adopting the principle in <u>Walker</u>, the court in <u>Mays</u> held,

> [w]e believe the principle of <u>Walker</u> is fully applicable here.  Mays can test his adjudication as an habitual offender, but he cannot with impunity choose to ignore the adjudication and resulting injunction for, as the court said in <u>Walker</u>, "in the fair administration of justice no man can be judge in his own case."

<u>Mays</u>, 523 F.2d at 1259.

Here, Morgan was charged with driving after having been adjudicated an habitual offender.  The gravaman of the offense is

- 6 -

driving while having knowledge that one has been adjudicated an habitual offender and "while the revocation of the person's driving privilege remains in effect." Code § 46.2-357. Because Morgan had notice of the DMV order of revocation declaring him an habitual offender, never appealed that order, and operated a motor vehicle on the highways of Virginia during the period of revocation, we hold that the bar of res judicata does not prohibit his conviction.[1] Accordingly, his conviction is affirmed.

Affirmed.

---

[1]We express no opinion on the issue whether the bar of res judicata, if properly pled in a proceeding directly contesting the DMV habitual offender adjudication, would negate DMV's action.