COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bray and Annunziata
Argued at Alexandria, Virginia


SUSAN D. FITZPATRICK

                                   MEMORANDUM OPINION* BY
v.    Record No. 0361-99-2        JUDGE RICHARD S. BRAY
                                        MAY 30, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                  Herbert C. Gill, Jr., Judge

          William B. Bray (Perry & Bray, on brief), for
          appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Susan Fitzpatrick (defendant) was convicted in a bench trial

for operating a motor vehicle after having been determined an

habitual offender.  On appeal, she challenges the sufficiency of

the evidence to prove she had been properly declared an habitual

offender.  Finding no error, we disagree and affirm the

conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.  In accordance with well established

principles, we view the evidence in the light most favorable to

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the Commonwealth.  See Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).

## I.

On October 22, 1998, Chesterfield Police Officer William Calliott "pulled" defendant for a traffic infraction.  A related inquiry through "dispatch" into "the status of her license" disclosed that defendant had been declared an habitual offender. When Calliott asked "if she knew she was a habitual offender," defendant responded, "no," but "thought she was suspended for ASAP reasons."

At trial, the Commonwealth introduced a photocopy of a "Suspension/Revocation Qualification Notice," issued and certified by the Department of Motor Vehicles (DMV) and addressed to defendant.  In pertinent part, the notice advised:

> You are hereby personally notified that your driver's license/privilege has been revoked as a result of the Department of Motor Vehicles determination that you are a habitual offender.  You may not operate a motor vehicle in the Commonwealth of Virginia until you have complied with the requirements of the previously issued Habitual Offender Order.

The notice, dated Saturday, April 19, 1997, at 4:23 a.m., and issued in Chesterfield County, Virginia, declared that "A true copy of this NOTICE was personally delivered to the above-named driver on the date and at the time and place indicated," was signed by defendant, "Acknowledg[ing] Receipt," and a named law enforcement officer.

-

Defendant introduced into evidence a certified copy of her DMV "TRANSCRIPT OF DRIVER HISTORY RECORD AS OF 01/14/99."  The transcript, also certified by the DMV, recited, inter alia:

DRIVER LICENSE STATUS:  REVOKED HABITUAL OFFENDER

* * * * * * *

DETERMINED ON:  02/22/97 HABITUAL OFFENDER BY DMV

ELIGIBLE TO RESTORE UNDER CURRENT LAW ON:
RESTRICTED: 02/22/00     FULL: 02/22/02

REVOCATION ISS: 02/25/97  EFFECTIVE: 03/27/97
    FOR HO DETERMINATION PROCESS
NOTIFIED: 04/19/97 BY LAW ENFORCEMENT
ORDER DELIVERY DATE:  ORDER MAILED

The order of the DMV declaring defendant an habitual offender was not in evidence, and a memorandum from the DMV reported, "We are unable to locate" the order.  Defendant, therefore, first maintains that the Commonwealth failed to prove "if there really was an order."

## II.

To convict defendant of the instant offense, the Commonwealth's evidence must establish beyond a reasonable doubt that she was "driving a motor vehicle" while the habitual offender "revocation determination [was] in effect," Code § 46.2-357(B), with "actual notice" of such status.  Reed v. Commonwealth, 15 Va. App. 467, 472, 424 S.E.2d 718, 720 (1992).

-

Here, a DMV transcript reported that she was "REVOKED HABITUAL OFFENDER BY DMV," as a result of a DMV determination on February 22, 1997, effective March 27, 1997. The transcript further recited that defendant was eligible for restoration of "[f]ull" privileges on February 22, 2002, a date consistent with the revocation provisions of Code §§ 46.2-358 to -361. Moreover, defendant's habitual offender status on the day of the offense was confirmed, without objection, by information received by Calliott through dispatch.

Additionally, the "Qualification Notice," executed by defendant on April 19, 1997, specifically advised that her "license/privilege has been revoked as a result of the [DMV] determination that [she was] a habitual offender." The notice further directed that defendant "not operate a motor vehicle" in the Commonwealth, absent compliance "with requirements of the previously issued Habitual Offender Order."

Under such circumstances, defendant's contention that the Commonwealth's evidence did not sufficiently establish her status as an habitual offender is without merit. Contrary to her assertion, proof of the requisite determination is not limited to the actual order. Certified records of the DMV, corroborated by Calliott's testimony, all before the court without objection, clearly established the determination by the DMV that defendant was an habitual offender, with notice of such status and the attendant applications, at the time of the

-

subject offense.  See Ingram v. Commonwealth, 1 Va. App. 335, 338-40, 338 S.E.2d 657, 658-60 (1986).

"Where a habitual offender adjudication rests upon valid subject matter and personal jurisdiction and is not appealed, that adjudication becomes final and neither the adjudication nor the underlying convictions can be collaterally attacked." Commonwealth v. Brown, 28 Va. App. 781, 790, 508 S.E.2d 916, 921 (1999) (citing Eagleston v. Commonwealth, 18 Va. App. 469, 471-72, 445 S.E.2d 161, 163 (1994)).  Defendant does not challenge the jurisdiction of the DMV to declare her an habitual offender, and the record does not disclose that she petitioned the appropriate circuit court for a review of such determination, "after . . . learning of the revocation," pursuant to Code § 46.2-352(B).  Thus, defendant's further argument that such determination was "either ineffective or void" because the Commonwealth failed to prove that the DMV notified defendant "of the revocation . . . by certified mail," pursuant to Code § 46.2-352(A), constitutes an impermissible collateral attack on the predicate order.

Accordingly, we find the conviction sufficiently supported by the evidence and affirm the trial court.

Affirmed.

-