COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


KEVIN ALEXANDER CONNELL

                                            MEMORANDUM OPINION* BY
v.       Record No. 1121-02-2               JUDGE NELSON T. OVERTON
                                            OCTOBER 14, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Gary A. Hicks, Judge

Christian L. Connell (K. Reed Mayo; Christian L. Connell, P.C.;
Hunton & Williams, on briefs), for appellant.

Steven A. Witmer, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Kevin A. Connell (appellant) was convicted by a jury of second degree murder and the

use of a firearm in the commission of murder.[1]  Appellant contends the trial court erred in

refusing his proposed jury instructions on imperfect self-defense and regarding passion or

prejudice, and in granting the Commonwealth's instruction on excusable homicide.[2]  Finding no

error, we affirm appellant's convictions.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant previously was tried and convicted of second degree murder and the use of a
firearm in the commission of murder.  He appealed his convictions to this Court, which rejected
his claims that he was entitled to jury instructions on imperfect self-defense and mutual combat.
However, this Court reversed appellant's convictions, ruling that the trial court should have
granted a jury instruction on excusable homicide.  See Connell v. Commonwealth, 34 Va. App.
429, 542 S.E.2d 49 (2001) (Connell I).  Appellant's convictions in the current appeal resulted
from appellant's retrial following remand of the case from this Court.

[2] Upon review of appellant's petition for appeal pursuant to Code § 17.1-407(C), this
Court denied appellant's challenge to the refused imperfect self-defense instructions because the
refused instructions were not a part of the record on appeal.  We subsequently granted appellant's

<u>Facts</u>

The Commonwealth's evidence proved that on the evening of January 6, 1998, Jon Lord, Jeffrey Krupnicka, and Judith Weissler went to the Playing Field, a bar and pool hall. Appellant sat at a table shared by Lord, Krupnicka, and Weissler. Lord, Krupnicka, and Weissler did not know appellant and did not invite him to join them. Appellant insulted Lord and Krupnicka, implying that they were homosexuals. An argument ensued, during which Lord threw appellant's cigarettes on the floor. After the argument, appellant left the Playing Field.

Lord, Krupnicka, and Weissler left the bar at about 1:30 a.m. and drove to the parking lot of the Hyatt Hotel to retrieve Lord's and Weissler's cars. Appellant drove up in his vehicle. As he walked toward the group, he was carrying a shotgun and a nine millimeter pistol.

Appellant walked toward Lord, lowering the shotgun and threatening to kill him. Lord lunged forward and grabbed the barrel of the shotgun. Appellant fired the gun three times. As appellant and Lord continued to struggle, appellant shot Lord with the pistol three times. At no time did Weissler hear Lord threaten to kill appellant.

Appellant drove away in his vehicle, with Krupnicka pursuing in his car. Krupnicka used his cellular telephone to call "911" to get help for Lord. Appellant fired a shot in Krupnicka's direction as Krupnicka continued to chase him.

Eventually, the police apprehended appellant when he stopped his vehicle in his driveway. Appellant told an officer on the scene, "I shot the son-of-a-bitch. I guess I am in a lot of trouble." Appellant subsequently told an acquaintance that he "blew the mother fucker away" and that Lord "was a redneck and deserved it."

---

petition for a writ of certiorari, and the refused jury instructions have been transmitted to this Court. In granting in part the present appeal, a panel of this Court directed the parties to address the propriety of permitting a party to supplement the appellate record after this Court has issued, pursuant to Code § 17.1-407(C), a decision on the petition for appeal.

Testifying in his own behalf, appellant stated that his initial encounter with Lord, Krupnicka, and Weissler at the Playing Field was friendly. However, they eventually exchanged angry words.

Appellant left the bar and went to his nearby home. There he obtained a shotgun and a hunting rifle and loaded them. A handgun already was in his vehicle. Appellant returned to the Playing Field, watched Lord, Krupnicka, and Weissler leave the pool hall, and followed them to the Hyatt parking lot. Appellant said he intended only to scare Lord and Krupnicka, not kill anyone.

Carrying the shotgun and with the pistol tucked into his pants, appellant testified that he approached the group and demanded an apology for their earlier disagreement. Lord came forward despite appellant's warning for him to stay back. Using the shotgun, appellant fired two warning shots over Lord's head. Because Lord continued to move toward him, appellant turned to run back to his vehicle. Appellant tossed away the shotgun as Lord grabbed at him. A struggle then occurred between appellant and Lord, during which Lord lifted appellant into the air and threatened to kill him. Appellant panicked, pulled out the pistol, and shot Lord in the side. Appellant then shot Lord in the leg because Lord continued to hold onto him. Lord fell to the ground on top of appellant. As appellant got up, Lord pinned appellant's wrist to the ground. Appellant then shot Lord again, striking him in the left shoulder.

Lord died from a gunshot wound he received in his side.

Analysis

I.

Before we consider whether the trial court erred in instructing the jury, we must determine whether it was proper to permit appellant to supplement the appellate record with the

refused instructions after this Court had rendered a decision on the petition for appeal pursuant to Code § 17.1-407(C).

Pursuant to Rule 5A:7(a)(2), "the record on appeal from the trial court" includes "each instruction marked 'given' or 'refused' and initialed by the judge." The clerk of the trial court is directed to prepare the record on appeal "as soon as possible after notice of appeal is filed." Rule 5A:10(a). The clerk shall "retain the record for 21 days after the notice of appeal has been filed" or, if the notice of appeal indicates a transcript or statement of facts will be filed, for 21 days following the filing of the transcript or statement of facts. Rule 5A:10(d). These periods of retention provide the parties with the opportunity to examine the record on appeal as prepared by the clerk and to raise any objection regarding the contents of the record before the trial court. See Rule 5A:7(b) (stating that "[i]f disagreement arises as to the contents of any part of the record, the matter shall be submitted to and decided by the trial court").

This Court and the Supreme Court of Virginia have held consistently that the burden is upon the appellant to ensure that the record on appeal is properly compiled to permit full consideration of the questions presented on appeal. See Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961); Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991). Indeed, had appellant in this case exercised his responsibility of examining the record before it was transmitted to this Court, he would have discovered the absence of the refused jury instructions and brought the matter before the trial court for correction of the record on appeal pursuant to Rule 5A:7(b). Following such a procedure serves the interest of judicial economy, both in the trial court and in this Court.

Nonetheless, there exists a mechanism for correction of omissions in the record on appeal after it has been received by this Court. Code § 8.01-675.4 allows this Court to "award a writ of certiorari to the clerk of the trial court and have brought before it, when part of a record is

omitted, the whole or any part of such record."  We have applied Code § 8.01-675.4 in appropriate cases to enlarge the record on appeal and permit full consideration of the issues raised on appeal.  See, e.g., Watkins v. Commonwealth, 26 Va. App. 335, 342-43, 494 S.E.2d 859, 862 (1998); Crumble v. Commonwealth, 2 Va. App. 231, 233, 343 S.E.2d 359, 360 (1986).  Code § 8.01-675.4 contains no language limiting this Court's power to act only before a decision on the petition for appeal has been rendered pursuant to Code § 17.1-407(C).

We find the present case appropriate for the application of Code § 8.01-675.4.  The items omitted from the record on appeal are documents specifically required to be included in the record by Rule 5A:7(a)(2).  Without these materials, this Court is unable to consider one of the issues raised in the petition for appeal and granted review.  Other than appellant's failure to inspect the record before it was transmitted to this Court, no fault in the omission of the refused jury instructions is readily attributable to appellant.  Therefore, we will consider the refused jury instructions in our determination of this appeal.

II.

The trial court refused appellant's Instruction F, on imperfect self-defense, which stated:

> If you find that Kevin Connell was the aggressor but began the conflict without malice, and
>
> 1) that it appeared to Kevin Connell and he believed it to be necessary to kill Jon Lord in order to save himself from death or great bodily harm; and
>
> 2) Kevin Connell's belief was reasonable in that the circumstances as they then appeared to him were sufficient to create such a belief in the mind of a reasonable person;
>
> then you should find Kevin Connell not guilty of murder, but of voluntary manslaughter.

The trial court also refused Instruction D, which would have permitted the jury to find appellant guilty of voluntary manslaughter if it

- 5 -

appeared to Kevin Connell and he believed it to be necessary to kill Jon Lord in order to save himself from death or great bodily harm; and Kevin Connell's belief was reasonable in that the circumstances as they appeared to him at the time were sufficient to create such belief in the mind of a reasonable person . . . .

Connell argues that his proposed instructions would have mitigated the malice necessary for a murder conviction to manslaughter. In addition to authority from other states, appellant relies upon Hash v. Commonwealth, 88 Va. 172, 13 S.E. 398 (1891), to support his argument that imperfect self-defense is recognized Virginia law.[3]

In Connell I, this Court considered proposed instructions and supporting arguments virtually identical to those offered here. Rejecting appellant's contentions that the trial court erred in refusing instructions on imperfect self-defense, we stated:

> If we interpret the discussion of "imperfect defense" in Hash for the proposition that one can provoke a confrontation and still avail himself or herself of the defense of justifiable homicide, such holding was overruled by Jackson v. Commonwealth, 98 Va. 845, 36 S.E. 487 (1900). However, if we interpret Hash to hold that one may avail himself or herself of "imperfect defense" if he or she provoked the attack without felonious intent, such holding merely is the law of voluntary manslaughter as it currently stands in the Commonwealth. Further, the trial court instructed the jury on voluntary manslaughter, heat of passion, and the distinction between murder and manslaughter.

Connell I, 34 Va. App. at 439, 542 S.E.2d at 54.

The Supreme Court of Virginia refused appellant's petition for appeal from this Court's adverse rulings in Connell I. Except under limited circumstances inapplicable here, the Virginia Supreme Court's "refusal of a petition for appeal constitutes a decision on the merits." Sheets v. Castle, 263 Va. 407, 411, 559 S.E.2d 616, 619 (2002).

---

[3] Appellant also relies upon Bausell v. Commonwealth, 165 Va. 669, 181 S.E. 453 (1935), a case not cited by the parties or this Court in Connell I. Despite appellant's assertion of additional authority for his position, our consideration of this claim, which has been decided previously on the merits, is barred by the doctrine of *res judicata*, as discussed below.

The Commonwealth contends that the doctrine of *res judicata* bars our reconsideration of this claim.

> "The bar of *res judicata* precludes relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies." *Res judicata* requires that four elements be present: "(1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made."

Morgan v. Commonwealth, 28 Va. App. 645, 647, 507 S.E.2d 665, 666 (1998) (citations omitted). Moreover, as the party seeking to assert *res judicata*, the Commonwealth must demonstrate that the prior decision is final.

> Generally, a judgment is final for the purposes of *res judicata* when "nothing more is necessary to settle the rights of the parties or the extent of those rights." 8B Michie's Jurisprudence, Former Adjudication or Res Judicata § 13 (1994). Furthermore, the [Commonwealth] must prove by a preponderance of the evidence that the issue previously raised was decided on the merits. Fodi's v. Rutherford, 26 Va. App. 446, 449, 495 S.E.2d 503, 505 (1998).

Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 128, 510 S.E.2d 255, 259 (1999) (*en banc*).

Appellant's present convictions were obtained following this Court's decision to reverse and remand the original convictions. The parties to this appeal, the remedy sought, and the cause of action all are the same as in Connell I. The Virginia Supreme Court refused to review our decision regarding appellant's proposed instructions on imperfect self-defense. Accordingly, our decision in Connell I is a final decision on the merits.

Therefore, we find that under the present circumstances, the doctrine of *res judicata* bars our reconsideration of this claim.

III.

Appellant contends the trial court erred in refusing Instruction B stating, "You must not base your verdict in any way upon passion, prejudice, sympathy, bias, guesswork, or speculation. Your verdict must be based solely upon the evidence and instructions of the court."

"If principles set forth in a proposed instruction are fully and fairly covered in other instructions that have been granted, a trial court does not abuse its discretion in refusing to grant a repetitious instruction." Joseph v. Commonwealth, 249 Va. 78, 90, 452 S.E.2d 862, 870 (1995).

At the beginning of the trial, the trial judge instructed the jury that its verdict must be based solely on the evidence and instructions of law. Thus, appellant's proposed instruction regarding passion and prejudice was merely repetitious of other instructions provided to the jury.

In addition, absent exigent circumstances, it is not necessary to instruct the jury that the verdict must not be based upon passion, prejudice, or sympathy. See Barnes v. Commonwealth, 190 Va. 732, 739, 58 S.E.2d 12, 16 (1950). We do not find that the presence of the victim's family members in the courtroom created exigent circumstances requiring the instruction offered by appellant.[4] Accordingly, the trial court did not err in refusing it.

IV.

The trial court granted Commonwealth's Instruction 15, and rejected appellant's proposed instruction on excusable self-defense. Unlike Instruction 15, appellant's proposed instruction did

---

[4] For the first time on appeal, appellant contends the trial court erred in refusing Instruction B due to the speculative nature of the testimony of the Commonwealth's expert on gunshot residue. This is a distinct argument from that advanced in the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of appellant's new argument on appeal.

not require the jury to find that he had "made known his desire for peace by word or act" in order to conclude that he acted in self-defense.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted).

Considering an excusable self-defense instruction identical in all pertinent parts to Instruction 15, the Supreme Court of Virginia found the instruction under review to be "a finding instruction setting forth the elements of excusable homicide." Perricllia v. Commonwealth, 229 Va. 85, 93, 326 S.E.2d 679 (1985). See also Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993) (including within its definition of excusable homicide the requirement that the accused announce his desire for peace).

Instruction 15 correctly stated the law governing excusable self-defense, while appellant's proposed instruction did not. Accordingly, the trial court did not err in granting Instruction 15 and in refusing appellant's proposed instruction.

<u>Conclusion</u>

For the foregoing reasons, appellant's convictions are affirmed.

<u>Affirmed.</u>

---

Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.