COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Senior Judge Duff
Argued at Richmond, Virginia


LAWRENCE D. LOFLIN
                                          OPINION BY
v.        Record No. 1365-97-2    JUDGE LARRY G. ELDER
                                          JUNE 30, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NEW KENT COUNTY
Samuel T. Powell, III, Judge

Robert S. Ganey (Hanover Law Office, on
briefs), for appellant.

Jeffrey A. Spencer, Assistant Attorney
General (Mark L. Earley, Attorney General;
H. Elizabeth Shaffer, Assistant Attorney
General, on brief), for appellee.


Lawrence D. Loflin (appellant) appeals the trial court's

order denying his petition to restore his driving privilege.

Appellant was previously adjudged an habitual offender and filed

his petition based on the provisions of Code § 46.2-361(B).  He

contends that, in denying his petition, the trial court

erroneously modified its prior order adjudicating him to be an

habitual offender, in violation of Rule 1:1.  For the reasons

that follow, we affirm.

I.

FACTS

On September 18, 1995, the trial court conducted a

show-cause proceeding pursuant to Code § 46.2-352 and adjudged

appellant to be an habitual offender.  At the time of this

proceeding, appellant had four convictions chargeable under the

Habitual Offender Act that occurred on two separate dates.  A
transcript of appellant's driving record from the Department of
Motor Vehicles indicated he was convicted of "driving while
intox, 1ST" and of "driving under revocation or suspension" and
that the offense date of these two convictions was February 3,
1991.  The transcript also indicated appellant was convicted of
"driving under revocation or suspension" and that he committed
this offense twice on April 9, 1995.  In its order, the trial
court stated it was "of the opinion that [appellant] . . . is an
'habitual offender' under the definition contained in § 46.2-351
of the Code of Virginia (1950), as amended."  The trial court
ordered that appellant "shall not operate a motor vehicle on the
highways of the Commonwealth of Virginia for a period of ten (10)
years from the date of this Order and until the privilege of said
person has been restored by an order of a Court of record entered
in a proceeding as provided by law . . . ."

On February 26, 1997, appellant filed a "petition for
restoration of driving privilege habitual offender."  His
petition was grounded solely upon Code § 46.2-361(B), which
includes the requirement that the underlying adjudication of
habitual offender "was based entirely upon convictions as set out
in subdivision 1 c of § 46.2-351."  (Emphasis added.)  The
offense of driving while intoxicated is not listed in Code
§ 46.2-351(1)(c).

At a hearing on his petition, appellant argued the

-2-

determination he was an habitual offender was based solely on his convictions of driving under suspension or revocation and not on his conviction of driving while intoxicated. He argued that, because his offense of driving while intoxicated occurred within six hours of his offense of driving under suspension or revocation on February 3, 1991, and because that was the first occasion he had committed simultaneous multiple traffic offenses, the last paragraph of Code § 46.2-351 required these two offenses to be treated as one offense. Moreover, he argued the last paragraph of Code § 46.2-351 required the trial court to treat these two offenses as one offense of driving under suspension or revocation and to so indicate in the habitual offender order. Based on this interpretation of the last paragraph of Code § 46.2-351, appellant argued his habitual offender adjudication was not based on his conviction of driving while intoxicated. He also argued he met all of the other requirements for restoration set forth in Code § 46.2-361.

The trial court rejected appellant's argument and denied his petition. It reasoned the last paragraph of Code § 46.2-351 did not require it to specify which of the offenses committed by appellant on February 3, 1991, was the basis for its determination that he was an habitual offender. It further reasoned that, because appellant was previously convicted of driving while intoxicated, the determination he was an habitual offender was not based entirely on the offenses set out in Code

§ 46.2-351(1)(c).

The trial court also found that appellant still posed a safety threat to other drivers. It stated:

I'm more concerned that if he gets his license back, he's got a very poor driving record to start with. I'm very concerned not necessarily about him as much as I am everybody else who is out on the highway with him. . . . I want to make sure that if he's shown the bad judgment that he's shown and the disregard for the laws of the highways of the Commonwealth of Virginia and disregard for the safety of other people out on the highway with him, I want to make sure that I know that he doesn't have an alcohol problem when he goes back out there to operate a motor vehicle.

## II.

### RESTORATION OF DRIVING PRIVILEGE UNDER CODE § 46.2-361(B)

Appellant contends the trial court abused its discretion when it denied his petition for restoration. He argues the trial court modified his habitual offender order in violation of Rule 1:1 when it indicated that his habitual offender adjudication was based in part on his prior conviction of driving while intoxicated. We disagree.

### A.

In order to obtain restoration of the privilege to operate a motor vehicle under Code § 46.2-361(B), an habitual offender has the burden of proving (1) that the determination he or she was an habitual offender "was based entirely upon convictions as set out in [Code § 46.2-351(1)(c)]" for failure to pay fines and costs, furnish proof of financial responsibility, or satisfy a judgment,

(2) that he or she has made "payment in full of all outstanding fines, costs and judgments relating to [the] determination," (3) that he or she has attained "financial responsibility, if applicable," and (4) that he or she "does not constitute a threat to the safety and welfare of himself or others with respect to the operation of a motor vehicle."  Code § 46.2-361(B) to (D).[1]

---

[1]Code § 46.2-361(B) states in full:

> Any person who has been found to be an habitual offender, where the determination was based entirely upon convictions as set out in subdivision 1 c of § 46.2-351, may, after payment in full of all outstanding fines, costs and judgments relating to his determination, and furnishing proof of financial responsibility, if applicable, petition the court in which he was found to be an habitual offender, or the circuit court in the political subdivision in which he resides, for restoration of his privilege to drive a motor vehicle in the Commonwealth.

Code § 46.2-361(C) states in full:

> This section shall apply only where the conviction resulted from a suspension or revocation ordered pursuant to (i) § 46.2-395 for failure to pay fines and costs, (ii) § 46.2-459 for failure to furnish proof of financial responsibility or (iii) § 46.2-417 for failure to satisfy a judgment provided the judgment has been paid in full prior to the time of filing the petition.

Code § 46.2-361(D) states in full:

> On any such petition, the court, in its discretion, may restore to the person his privilege to drive a motor vehicle, on whatever conditions the court may prescribe, if the court is satisfied from the evidence presented that the petitioner does not constitute a threat to the safety and welfare of himself or others with respect to the

-5-

The issue in this case is whether the trial court's prior adjudication that appellant was an habitual offender was "based entirely upon convictions as set out in [Code § 46.2-351(1)(c)]." Code § 46.2-361(B) (emphasis added). The convictions listed in Code § 46.2-351(1)(c) are:

> [d]riving a motor vehicle while his license, permit, or privilege to drive a motor vehicle has been suspended or revoked in violation of §§ 18.2-272, 46.2-301, 46.2-302, or former § 46.1-350 or § 46.1-351.

Under Code § 46.2-351(1), a person is an habitual offender if an examination of his or her driving record reveals "three or more" prior convictions within the past ten years of the offenses enumerated in that subsection. See Code § 46.2-351(1); Dicker v. Commonwealth, 22 Va. App. 658, 661, 472 S.E.2d 655, 657 (1996). Under this framework, a determination that an individual is an habitual offender is "based" in part on all of the relevant prior convictions listed in the individual's driving record. Cf. Dorn v. Commonwealth, 3 Va. App. 110, 115, 348 S.E.2d 412, 415 (1986) (holding that, where the defendant was adjudged an habitual offender in 1978, his privilege to drive was restored in 1983, and in 1985 he was again adjudged an habitual offender, the Commonwealth was not estopped from using in the 1985 proceeding

---

> operation of a motor vehicle, and that he has satisfied in full all outstanding court costs, court fines and judgments relating to determination as an habitual offender and furnished proof of financial responsibility, if applicable.

two of the convictions previously used in the 1978 proceeding).

We hold that the trial court did not violate Rule 1:1 at the hearing on appellant's petition. Although the trial court stated at the hearing that the determination appellant was an habitual offender in 1995 was based on appellant's conviction of driving while intoxicated, this statement did not constitute a modification of its prior habitual offender order.

Rule 1:1 prohibits a trial court from modifying a final order more than twenty-one days after its entry. See Davis v. Mullins, 251 Va. 141, 148-49, 466 S.E.2d 90, 94 (1996).

Appellant correctly contends that the two offenses he committed on February 3, 1991 -- driving while intoxicated and driving under suspension -- were required to be treated as one offense for the purpose of counting his prior convictions. Code § 46.2-351, which defines who is an habitual offender, provides an exception to the method used to count prior convictions when multiple offenses are committed within a six-hour period by a first-time offender. The last paragraph of this statute states:

> [w]here more than one offense included in subdivision 1, 2 or 3 is committed within a six-hour period, multiple offenses shall, on the first such occasion, be treated for the purposes of this article as one offense provided the person charged has no record of prior offenses chargeable under this article.

Code § 46.2-351; see Commonwealth v. Stanley, 232 Va. 57, 59, 348 S.E.2d 231, 232-33 (1986).

However, the unambiguous language of this paragraph of Code

§ 46.2-351 merely dictates how offenses committed simultaneously or in rapid succession by a first-time offender are <u>counted</u>, not how they are classified. Contrary to appellant's argument, when this provision applies, it does not require a trial court adjudicating a person to be an habitual offender to either choose among the multiple offenses or to specify in its final order which offense provided the basis for the court's determination. Regardless of how the last paragraph of Code § 46.2-351 required the trial court to count appellant's offenses on February 3, 1991, the trial court's determination in 1995 that appellant was an habitual offender was based in part on his conviction of driving while intoxicated because this offense was included in his driving record at that time. Thus, the trial court's statements at the hearing on appellant's petition did not constitute a modification of its prior order.

We also hold that the trial court's denial of appellant's petition for restoration of his driving privilege based on Code § 46.2-361(B) was not an abuse of discretion. The record does not indicate that appellant's prior habitual offender adjudication was "based entirely" on convictions set forth in Code § 46.2-351(1)(c). Driving while intoxicated is listed in subsection (1)(b) of Code § 46.2-351, not subsection (1)(c). Because appellant's habitual offender adjudication in 1995 was partially based on his prior conviction of driving while intoxicated, the trial court did not err when it concluded that

appellant failed to meet the threshold requirement for restoration of his driving privilege under Code § 46.2-361(B).[2]

For the foregoing reasons, we affirm the order denying appellant's petition for restoration of his driving privilege.

<u>Affirmed</u>.

---

[2] We also note that, even if appellant's habitual offender adjudication had been based entirely on convictions of driving while his license was suspended or revoked, he was still not entitled to restoration of his driving privilege under Code § 46.2-361(B). In order to restore a petitioner's driving privilege under this statute, the trial court must find "from the evidence presented that the petitioner does not constitute a threat to the safety and welfare of himself or others with respect to the operation of a motor vehicle . . . ." Code § 46.2-361(D). In this case, the trial court expressly found that appellant still posed a threat to the safety of other drivers. Appellant's prior driving record, which included ten convictions of traffic-related offenses within a seven-year period, one of which was for driving while intoxicated, amply supports that finding.