COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


COMMONWEALTH OF VIRGINIA
                                            OPINION BY
v.        Record No. 2823-97-2       JUDGE LARRY G. ELDER
                                         JANUARY 12, 1999
WALTER ONASSIS BROWN


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    Lee A. Harris, Jr., Judge

            Jeffrey A. Spencer, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellant.

            No brief or argument for appellee.



     The Commonwealth appeals from an order entered pursuant to

Code § 46.2-361(B) restoring the driving privileges of Walter

Onassis Brown, previously declared a habitual offender by the

Department of Motor Vehicles pursuant to Code § 46.2-352.  The

Commonwealth contends the circuit court lacked authority to order

restoration of Brown's driving privileges under Code

§ 46.2-361(B) because the convictions which led to the habitual

offender determination did not meet the requirements of that code

section.  Rather, the predicate convictions were based at least

in part on suspensions for failure to have insurance on a vehicle

and operating a vehicle without insurance, suspensions not set

out in Code § 46.2-361(C).  For the reasons that follow, we agree

with the Commonwealth's contentions and reverse the trial court's

restoration of Brown's driver's license.

I.

FACTS

On April 1, 1997, the Department of Motor Vehicles (DMV) declared Brown a habitual offender (H.O.) and revoked his driving privileges indefinitely, effective May 4, 1997. That H.O. declaration was based on Brown's three convictions for driving on a revoked or suspended license on

    (1)   November 22, 1995 (convicted February 28, 1996);
    (2)   January 13, 1996 (convicted March 20, 1996); and
    (3)   January 2, 1997 (convicted March 13, 1997).

At the time of each of these three driving offenses, three separate license suspensions were in effect against Brown:[1]

    (1)   1993 suspension for operating or permitting operation of an uninsured motor vehicle in violation of Code § 46.2-707;
    (2)   1993 suspension for failure to respond to insurance monitoring request by providing name of insurance company after registering a motor vehicle and not paying the uninsured motor vehicle fee;
    (3)   1994 suspension for failure to pay fine following conviction for improper exhaust system.

On September 3, 1997, Brown filed a "Petition for Restoration of Driving Privilege Habitual Offender." He checked block "D" on that form, requesting restoration pursuant to Code § 46.2-361(B) and certifying that he

---

   [1]   Three additional suspensions had been issued by the date of Brown's January 2, 1997 offense--the final offense providing the basis for Brown's April 1, 1997 H.O. declaration: two suspensions for failure to pay fines and one suspension for failure to attend the interview required for an alcohol safety action program. The Commonwealth did not rely on any of these suspensions at trial, and we do not consider them on appeal in assessing the propriety of the trial court's ruling.

- 2 -

[had] been determined to be an habitual
offender based <u>entirely</u> upon convictions of
driving while my license or privilege to
drive was suspended or revoked:
> (i) for failure to pay fines and costs;
> or
> (ii) for failure to furnish proof of
> financial responsibility; or
> (iii) for failure to satisfy a
> judgment.

The Commonwealth moved to dismiss the petition on the ground that Brown was ineligible for restoration under Code § 46.2-361(B). Following a hearing on the motion, the trial court concluded that "there's just no way to tell" on which license suspension or suspensions each of the three predicate offenses was based. It said that

> [Brown] probably technically does not fall
> under the statute. However, it's enough
> question in my mind that I'm going to give
> him the benefit of the doubt. And one of the
> reasons is, if you look at the conviction
> from 2/28/96, it actually is not a valid
> conviction – I'm not saying it's not a valid
> conviction, but if you assume the law was
> followed under [Code § 46.2-301], then there
> was no license suspension or what have you,
> so I don't know what happened in there. In
> the scheme of things, I'm going to restore
> his privilege to operate if he meets any
> other requirements of DMV.

Brown's counsel responded, "Yes, sir," and the trial court commented further, "But I think your argument, legally speaking, is a correct one."

## II.

## ANALYSIS

Code § 46.2-361(B) provides in relevant part as follows:
> Any person who has been found to be an

- 3 -

habitual offender, where the determination or adjudication was based <u>entirely</u> upon convictions as set out in subdivision 1 c of § 46.2-351, may, after payment in full of all outstanding fines, costs and judgments relating to his determination, and furnishing proof of financial responsibility, if applicable, petition [a specified] court . . . for restoration of his privilege to drive a motor vehicle in the Commonwealth.

<u>Id.</u> (emphasis added). Code § 46.2-361(C) provides the following additional limitations:

This section shall apply only where the conviction or convictions as set out in subdivision 1 c of § 46.2-351 resulted from a suspension or revocation ordered pursuant to (i) § 46.2-395 for failure to pay fines and costs, (ii) § 46.2-459 for failure to furnish proof of financial responsibility, or (iii) § 46.2-417 for failure to satisfy a judgment, provided [certain conditions have been met].

Because habitual offender proceedings are civil in nature and Brown petitioned the court for restoration of his license following proceedings declaring him a H.O., he bore the burden of proving by a preponderance of the evidence that he met the statutory conditions for restoration. <u>See</u> <u>Dicker v. Commonwealth</u>, 22 Va. App. 658, 661, 472 S.E.2d 655, 657 (1996) (citing <u>Moffitt v. Commonwealth</u>, 16 Va. App. 983, 986, 434 S.E.2d 684, 687 (1993)). Under the statute, if any one of Brown's predicate convictions did not meet the requirements of subsection (C), he was not entitled to restoration of his driver's license.

We hold that at least one of Brown's convictions for driving on a revoked or suspended license did not meet the requirements of subsection (C) in that it was based on both (1) his October

- 4 -

19, 1993 license suspension under Code § 46.2-707 for operating an uninsured motor vehicle without first having paid the uninsured motor vehicle fee and (2) his December 9, 1993 license suspension under Code § 46.2-706 for failure to respond to an insurance monitoring request by furnishing proof of liability insurance.

We reject the argument Brown made in the trial court that the uninsured motorist fee is a fine or cost such that his suspensions under Code §§ 46.2-706 and 46.2-707 were for failure to pay fines or costs. Code § 46.2-361(C) specifically references a suspension "for failure to pay fines and costs" as occurring pursuant to "§ 46.2-395." Code § 46.2-395 specifically references "lawful fines, court costs, forfeitures, restitution and penalties," and it specifically includes "any fee assessed . . . under . . . § 18.2-271.1." It does not, however, incorporate §§ 46.2-706 or 46.2-707. Absent specific incorporation, we decline to hold that the uninsured motorist "fee of $500" is a "fine" or "court cost." Viewing the provisions of Code §§ 46.2-706 and 46.2-707 in context makes clear that the $500 is a "fee" payable in lieu of liability insurance and does not constitute a fine or court cost.

Because conviction for violation of a license suspension issued pursuant to Code §§ 46.2-706 or 46.2-707 is not one of the bases enumerated in Code § 46.2-361(C), Brown's H.O. determination was not based "entirely" upon convictions of the

- 5 -

type enumerated in subsection (B).  That Brown was under one or more concurrent license suspensions which <u>would</u> qualify under Code § 46.2-361 did not negate the existence of the two indefinite license suspensions under Code §§ 46.2-706 and 46.2-707, non-qualifying statutes.  Code § 46.2-395(E), which permits suspension for failure to pay enumerated fines and court costs, specifically provides that

> [i]f the court has suspended or revoked the driver's license for any lawful reason other than [failure to pay fines or costs under] this section, or the conviction is one for which revocation or suspension is required under any provision of this title [other than] this section, then the suspension permitted under this section shall be in addition to, and run consecutively with, the revocation or suspension [imposed pursuant to court order or any other provision].

<u>Id.</u>  Therefore, the logical conclusion under these facts is that each of Brown's predicate convictions was for violating all three suspensions--his October 19, 1993 suspension for operating or permitting the operation of an uninsured motor vehicle; his December 9, 1993 suspension for failing to provide the name of his liability insurance company after registering a motor vehicle and not paying the uninsured motor vehicle fee; and his August 5, 1994 suspension for failing to pay a fine.  As discussed above, Brown, as the petitioner, bore the burden of proving by a preponderance of the evidence that his predicate convictions met the requirements for restoration.  Because Brown presented no evidence on this point, he failed to meet his burden of proof.

- 6 -

We also conclude that where a conviction for driving on a revoked or suspended license is based on an offense committed when the driver is under more than one suspension or revocation, it is rendered under all such suspensions and revocations. Although only a single conviction results from the act of driving, the statutory scheme does not permit a court to choose a particular suspension or revocation upon which to base a conviction. To hold otherwise would allow a court to give preferential treatment to people with suspensions or revocations both for violations that do not qualify for restoration under Code § 46.2-361(C) and for violations that do qualify under that statute. We conclude that the legislature could not have intended such a result. See, e.g., Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992) (holding that "a statute should never be construed so that it leads to absurd results").

Under these standards, any one of the three predicate convictions upon which Brown's H.O. declaration was based could have been rendered against Brown if the only reason for suspension of his license had been his non-compliance under Code §§ 46.2-706 or 46.2-707. Therefore, Brown failed to prove that his H.O. adjudication was based entirely upon convictions permitting restoration under Code § 46.2-361.

This approach also finds support in a 1985 opinion issued by the Attorney General. See 1984-85 Va. Att'y Gen. Rep. 212. That

opinion interpreted an earlier version of Code § 46.2-361, Code § 46.1-387.9:3, which permitted a habitual offender to petition for restoration of his license after five years but only where at least one of the predicate convictions resulted from violation of an order of suspension for failure to pay a fine.[2] Petitioner asserted that his third conviction was for the offense of driving while his license was suspended for failure to pay a fine. Rep. at 212. The Attorney General noted, however, that at the time of petitioner's third conviction, his license was under suspension "for two separate and independent reasons, each of which, standing alone, had resulted in suspension." Id. One of these suspensions was for failure to pay a fine, and the other was for failure to pay a judgment. Id. The Attorney General noted that petitioner bore the burden of proof and that, because of the dual suspensions, only one of which qualified for early restoration,

---

[2] The version of Code § 46.1-387.9:3 applicable to the facts upon which the Attorney General issued an opinion provided:

> Any person who has been found to be an habitual offender, where such adjudication was based in part and dependent upon a conviction as set out in § 46.1-387.2(a)(4), may, after the expiration of five years from the date of such adjudication, petition [a specified court] . . . for restoration of his privilege to operate a motor vehicle in this Commonwealth. However, this section shall apply only where the conviction set out in § 46.1-387.2(a)(4) resulted from a suspension or revocation ordered pursuant to § 46.1-423.3 for failure to pay fines and costs.

1984 Va. Acts, ch. 660.

"it could not be said that the third conviction was for the offense of driving while the license was suspended merely for failure to pay a fine." Id. at 213.

After the Attorney General issued this opinion, the legislature expanded the scope of Code § 46.1-387.9:3 also to permit a habitual offender to petition for early restoration of his or her license where at least one of the predicate convictions involved failure to pay a judgment, see 1987 Va. Acts, ch. 334, or failure to furnish proof of financial responsibility, see 1985 Va. Acts, ch. 292. However, neither of these amendments nor any subsequent amendments to this code section resulted in abrogation of the underlying principle in the Attorney General's opinion that conviction during a period of suspension on both a qualifying and a non-qualifying basis is insufficient to permit early restoration. See 1989 Va. Acts, ch. 727 (recodifying § 46.1-387.9:3 at § 46.2-361); 1992 Va. Acts, ch. 568; 1993 Va. Acts, chs. 291, 518, 687; 1995 Va. Acts, ch. 799.

"The legislature is presumed to have had knowledge of the Attorney General's interpretation of the statute[], and its failure to make corrective amendments evinces legislative acquiescence in the Attorney General's view." Deal v. Commonwealth, 224 Va. 618, 622, 299 S.E.2d 346, 348 (1983). Therefore, "we conclude that the General Assembly approves [the relevant portion of] the Attorney General's construction."

- 9 -

Browning-Ferris, Inc. v. Commonwealth, 225 Va. 157, 161, 300 S.E.2d 603, 605 (1983). Under the facts of this case, Brown is not eligible for restoration under Code § 46.2-361 because, at the time of each of his convictions, he was under two suspensions for offenses other than failure to pay fines or costs, failure to furnish proof of financial responsibility or failure to satisfy a judgment.

Furthermore, we find no other statutory basis supporting the trial court's restoration of Brown's license. The trial court appears to have based its decision to restore Brown's license in part on its belief that the validity of Brown's conviction for driving on a revoked or suspended license on November 22, 1995 was suspect because no license suspension was imposed. Assuming without deciding that the court's conviction of Brown for violating Code § 46.2-301 required the court to suspend his license, the court's failure to do so rendered the H.O. determination--based in part on the suspect conviction--voidable only and, therefore, not subject to collateral attack. Where a habitual offender adjudication rests upon valid subject matter and personal jurisdiction and is not appealed, that adjudication becomes final and neither the adjudication nor the underlying convictions can be collaterally attacked. See Eagleston v. Commonwealth, 18 Va. App. 469, 471-72, 445 S.E.2d 161, 163 (1994) (in proceeding against accused for driving after being declared a habitual offender, rejecting collateral attack on validity of

- 10 -

habitual offender adjudication which rested in part on predicate conviction rendered under ordinance later declared invalid in unrelated proceeding).  Therefore, even assuming a defect existed in the first predicate conviction supporting Brown's H.O. determination, no evidence indicates that Brown challenged the H.O. declaration on direct appeal or that the court rendering the H.O. determination lacked subject matter or personal jurisdiction.  Therefore, the trial court lacked authority to revisit the validity of the underlying H.O. determination in the restoration proceedings.

The evidence proved affirmatively that Brown did not meet the requirements for restoration of his driving privileges under Code § 46.2-361, and the trial court was without jurisdiction to revisit the validity of the H.O. determination.  Therefore, we hold that the trial court erred in granting Brown's petition for restoration of his driver's license.

<u>Reversed</u>.