COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Annunziata and Senior Judge Overton[*]
Argued at Norfolk, Virginia


COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF MOTOR VEHICLES

                                          OPINION BY
v.  Record No. 0427-98-1        JUDGE JAMES W. BENTON, JR.
                                      FEBRUARY 2, 1999
ARTHLES HASKER LYNN


        FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                S. Bernard Goodwyn, Judge

        Eric K. G. Fiske, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellant.

        No brief or argument for appellee.


    The issue presented in this appeal is whether the trial

judge possessed authority pursuant to Code § 46.2-361(B) to order

the restoration of a driver's license to Arthles Hasker Lynn, an

habitual offender. Because several convictions which led to the

habitual offender determination were based, in part, on

suspensions not specified in Code § 46.2-361(C), we hold that the

trial judge lacked authority to order the restoration of Lynn's

driver's license.

                            I.

    Acting pursuant to the authority granted in Code § 46.2-352,

the Commissioner of the Department of Motor Vehicles reviewed the

---

    [*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

Department's records and determined on May 23, 1997 that Arthles Hasker Lynn qualified as an habitual offender. The Commissioner notified Lynn that the Department had determined Lynn to be an habitual offender, that the Department had revoked Lynn's driver's license, and that to regain his driver's license Lynn was required to file a petition in the appropriate circuit court. In his letter to Lynn, the Commissioner also informed Lynn of the three convictions that supported the habitual offender determination. See Code § 46.2-351(1)(c).

Six months after the Commissioner determined that Lynn was an habitual offender, Lynn filed a petition in the circuit court for the restoration of his driving privileges. His petition, a pre-prepared form, referred to Code § 46.2-361(A) and alleged that Lynn had "been determined to be an habitual offender based in part and dependent upon convictions of driving while [his] license or privilege to drive was suspended or revoked . . . for failure to pay fines and costs." In its response to Lynn's petition, the Department asserted that Lynn could not petition for restoration under Code § 46.2-361(A) until three years from the date of his habitual offender determination. The Department also asserted that even though Lynn was not seeking restoration under Code § 46.2-361(B), Lynn was not eligible under that provision because all the convictions did not result from suspensions ordered pursuant to (1) Code § 46.2-395, for failure to pay fines or costs; (2) Code § 46.2-459, for failure to

furnish proof of financial responsibility; or (3) Code
§ 46.2-417, for failure to satisfy a judgment.  See Code
§ 46.2-361(C).

The evidence at trial established that on May 6, 1997, a
judge of the General District Court of the City of Norfolk
convicted Lynn of driving on March 12, 1997, while his driver's
license had been suspended.  Lynn was also convicted in the
General District Court of Southampton County on January 21, 1997,
and in the General District Court of the City of Chesapeake on
October 21, 1996, on charges of driving while his driver's
license had been suspended.  See Code § 46.2-301.

The record further established that when Lynn was stopped on
March 12, 1997, and charged with driving while his license was
suspended (the charge that led to the conviction in Norfolk on
May 6, 1997), the following suspension orders were then in
effect:

> 1.  suspension issued February 7, 1997, for
> violation of probation under Code § 46.2-499
> of the Driver Improvement Program;
>
> 2.  suspension issued February 7, 1997, for a
> conviction of driving while Lynn's license
> was suspended (see Southampton conviction on
> January 21, 1997 for driving while a prior
> suspension order was in effect);
>
> 3.  suspension issued November 7, 1996, for
> violation of probation under Code § 46.2-499
> of the Driver Improvement Program;
>
> 4.  suspension issued November 7, 1996, for
> failure to pay fines imposed upon convictions
> in Chesapeake for driving while his license
> was suspended and for speeding;

5. suspension issued October 10, 1996, for failure to pay fines and costs imposed upon convictions in Chesapeake for speeding, safety belt violation, and no driver's license; and

6. suspension issued July 1, 1996, for failure to pay fines and costs imposed upon conviction in Chesapeake for speeding.

After consideration of this evidence, the trial judge granted Lynn's petition and awarded Lynn restricted driving privileges to drive to and from work. The final order contained findings that (1) Lynn "was determined to be an habitual offender based on convictions set out in [Code § 46.2-351(1)(c)]," (2) "at least one of the convictions considered by the [Department] in determining [Lynn] to be an habitual offender resulted from a suspension or revocation ordered pursuant to [Code §] 46.2-395 for failure to pay fines and costs," (3) Lynn "has paid in full all outstanding fines, costs and judgments relating to his determinations as an habitual offender," and (4) Lynn "does not constitute a threat to the safety and welfare of himself and others with respect to the operation of a motor vehicle." The Department appeals from that order.

II.

Lynn's petition for restoration of his driver's license indicated that it was filed pursuant to Code § 46.2-361(A). That part of the statute provides that an habitual offender whose status "was based in part and dependent on a conviction as set out in subdivision 1 c of [Code] § 46.2-351, may, after three

- 4 -

years from the date of the . . . notice of determination . . . by the Commissioner, petition . . . the circuit court . . . for restoration of his privilege to drive a motor vehicle." Code § 46.2-361(A). Lynn was not eligible for restoration under that section because his petition was filed after the passage of only six months from the Commissioner's notice of the determination that Lynn was an habitual offender. The trial judge ruled, instead, under Code § 46.2-361(B).

> Code § 46.2-361(B) provides as follows:
> Any person who has been found to be an habitual offender, where the determination or adjudication was based <u>entirely</u> upon convictions as set out in subdivision 1 c of § 46.2-351, may, after payment in full of all outstanding fines, costs and judgments relating to his determination, and furnishing proof of financial responsibility, if applicable, petition the court in which he was found to be an habitual offender, or the circuit court in the political subdivision in which he then resides, for restoration of his privilege to drive a motor vehicle in the Commonwealth.

(Emphasis added). The relief provided in that part of the statute is further limited by the following provision of the statute:

> This section shall apply only where the conviction or convictions as set out in subdivision 1 c of § 46.2-351 resulted from a suspension or revocation ordered pursuant to (i) § 46.2-395 for failure to pay fines and costs, (ii) § 46.2-459 for failure to furnish proof of financial responsibility, or (iii) § 46.2-417 for failure to satisfy a judgment, provided the judgment has been paid in full prior to the time of filing the petition or was a conviction under § 46.2-302 or former § 46.1-351.

- 5 -

Code § 46.2-361(C).

The effect of Code § 46.2-361(B) and (C) and, thus, the resolution of the issue presented by this appeal are controlled by our recent decision in Commonwealth v. Brown, ___ Va. App. ___, ___ S.E.2d ___ (1999). Interpreting Code § 46.2-361(B), a panel of this Court ruled in Brown that "[u]nder [the language of] the statute, if any one of [the] predicate convictions did not meet the requirements of subsection (C), [the petitioner] was not entitled to restoration of his driver's license." ___ Va. App. at ___, ___ S.E.2d at ___. See also Loflin v. Commonwealth, 27 Va. App. 626, 630-31, 500 S.E.2d 826, 828 (1998) (noting that the requirements of sections (C) and (D) of the statute must be satisfied before driving privileges may be restored under section (B)).

The record clearly establishes that when Lynn was convicted in Norfolk on May 6, 1997, of driving while his driver's license had been suspended, six different suspension orders were in effect. In Brown, we held "that where a conviction for driving on a revoked or suspended license is based on an offense committed when the driver is under more than one suspension or revocation, [the conviction] is rendered under all such suspensions and revocations." Id. at ___, ___ S.E.2d at ___. We noted that "[a]lthough only a single conviction results from the act of driving, the statutory scheme does not permit a [judge] to choose a particular suspension or revocation upon which to base a

conviction."  Id.

Of the six suspensions in effect when Lynn was convicted on May 6, 1997, only three were for Lynn's failure to pay fines and costs.  The remaining suspension orders were issued for reasons not covered by Code § 46.2-361(C).  Two of the suspensions were the result of violations of probation under the Driver Improvement Program, see Code § 46.2-499, and the other was based on Lynn's conviction for driving while his driver's license had been suspended.  See Code § 46.2-301(B) and (C).

Thus, the evidence proved that the Commissioner's determination that Lynn was an habitual offender "was based entirely upon convictions as set out in subdivision 1 c of [Code] § 46.2-351."  Code § 46.2-361(B).  However, the evidence also proved that Lynn's conviction in the General District Court of the City of Norfolk was based in part on suspensions not specified in Code § 46.2-361(C).

For these reasons, we hold that the trial judge erred in restoring Lynn's driver's license under Code § 46.2-361(B), and we reverse the order.

Reversed.