## CIRCUIT COURT OF FAIRFAX COUNTY

Rassan K. Byrd

v.

Commonwealth of Virginia

March 15, 1999

Case No. (Law) 177516

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before the Court on March 5, 1999, on Rassan K. Byrd's Petition to Restore his Driving Privileges after having been declared an Habitual Offender. At that time, the Court took the matter under advisement. After considering the matter fully, including the petitioner's driving record, Mr. Byrd's petition is denied.

Mr. Byrd petitioned the Court to restore his driving privileges pursuant to Va. Code § 46.2-361(B). Pursuant to Va. Code § 46.2-361(B):

> any person who has been found to be an habitual offender, where the determination or adjudication was based entirely upon convictions as set out in subdivision 1 c of § 46.2-351 [for driving after his license has been suspended or revoked], may, after payment in full of all outstanding fines, costs and judgments relating to his determination, and furnishing proof of financial responsibility, if applicable, petition this court ... for restoration of his privilege to drive a motor vehicle in the Commonwealth.

Subsection (C) of Va. Code § 46.2-361 further limits a petitioner in applying for restoration of driving privileges.

> This section shall apply only where the conviction or convictions as set out in subdivision 1 c of § 46.2-351 resulted from a suspension or revocation ordered pursuant to (i) § 46.2-395 for failure to pay fines and costs, (ii) § 46.2-459 for failure to furnish proof of financial responsibility, or (iii) § 46.2-417 for failure to satisfy a judgment ... .

Va. Code § 46.2-361(C). In this case, Mr. Byrd's convictions did not result from suspensions based entirely on his failure to pay fines and costs, his failure to furnish proof of financial responsibility, or his failure to satisfy a judgment. A review of Mr. Byrd's driving record reveals that his convictions do not meet the requirements of subsection (C) of Va. Code § 46.2-361. For example, Mr. Byrd was convicted on August 2, 1994, for driving on April 21, 1994, after his license was suspended or revoked. On April 21, 1994, at least three separate license suspensions were in effect against him. His license was suspended on March 16, 1994, through November 6, 1997, for insurance monitoring. His license was suspended from March 29, 1994, through June 6, 1997, based upon a court order after he was convicted on March 9, 1994, for driving on a suspended license. His license was also suspended from March 29, 1994, through November 6, 1997, after he was convicted of operating or permitting the operation of an uninsured motor vehicle. The suspensions which were the basis for his August 2, 1994, conviction were not based on the requirements of subsection (C) of Va. Code § 46.2-361.

> [W]here a conviction for driving on a revoked or suspended license on an offense committed when the driver is under more than one suspension or revocation, it is rendered under all such suspensions and revocations. Although only a single conviction results from the act of driving, the statutory scheme does not permit a court to choose a particular suspension or revocation upon which to base a conviction.

*Commonwealth v. Brown*, 28 Va. App. 781, 787-88 (1999). Because Mr. Byrd's predicate convictions do not meet the statutory requirements for restoration of his driving privileges under Va. Code § 46.2-361, his petition for restoration of his driving privileges after having been declared an habitual offender is denied.