COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Norfolk, Virginia


COMMONWEALTH OF VIRGINIA
                                          OPINION BY
v.    Record No. 1368-98-1         JUDGE JERE M. H. WILLIS, JR.
                                        AUGUST 10, 1999
WAYNE BERNARD BOONE


           FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                    Westbrook J. Parker, Judge

           Jeffrey A. Spencer, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellant.

           (Robert S. Brewbaker, Jr.; Rabinowitz, Rafal,
           Swartz, Taliaferro & Gilbert, P.C., on
           brief), for appellee.  Appellee submitting on
           brief.


     On appeal from a final judgment reinstating Wayne Bernard

Boone's driving privileges after his having been adjudicated an

habitual offender, the Commonwealth contends that the trial

court erroneously interpreted and applied Code § 46.2-361(B) and

(C).  We agree and reverse the judgment of the trial court.

     In October, 1997, Boone was adjudicated an habitual

offender.  This adjudication was based on two convictions of

driving while his license was suspended for failure to pay fines

and costs, in violation of Code § 46.2-395, and one conviction

of driving while his license was suspended for failure to submit

an insurance certificate or pay the uninsured motorist's fee, in

violation of Code § 46.2-706.  In February, 1998, Boone petitioned the trial court for reinstatement of his driving privileges, pursuant to Code § 46.2-361(B).  The Commonwealth argued that Code § 46.2-361(B) did not apply, because one of Boone's predicate convictions was for driving without insurance, a conviction not set out in Code § 46.2-361(C).  The trial court held that Code § 46.2-361(B) did apply and granted Boone's petition.

Code § 46.2-361(B) states:

> Any person who has been found to be an habitual offender, where the determination or adjudication was based entirely upon convictions as set out in subdivision 1 c of [Code] § 46.2-351, may, after payment in full of all outstanding fines, costs and judgments relating to his determination, and furnishing proof of financial responsibility, if applicable, petition the court in which he was found to be an habitual offender, or the circuit court in the political subdivision in which he then resides, for restoration of his privilege to drive a motor vehicle in the Commonwealth.

Code § 46.2-361(C), in effect at the time Boone filed his petition, stated:

> This section shall apply only where the conviction resulted from a suspension or revocation ordered pursuant to (i) [Code] § 46.2-395 for failure to pay fines and costs, (ii) [Code] § 46.2-549 for failure to furnish proof of financial responsibility, or (iii) [Code] § 46.2-417 for failure to satisfy a judgment . . . ."[1]

---

[1] The legislature amended Code § 46.2-361 effective July, 1998.  Because Boone's petition was filed in February, 1998, we consider the statute as it was in effect at the commencement of

Code § 46.2-361(B) and 46.2-361(C) must be read together. To be utilized as a predicate conviction for purposes of Code § 46.2-361(B), a conviction must fall within one of the classes specified in Code § 46.2-361(C). No other class of conviction can invoke the application of Code § 46.2-361(B). See Commonwealth v. Brown, 28 Va. App. 781, 786-87, 508 S.E.2d 916, 919 (1999). Boone's conviction for operating a motor vehicle while his license was suspended for failure to submit an insurance certificate or pay the uninsured motorist's fee, in violation of Code § 46.2-706, is not specified as a predicate conviction in Code § 46.2-361(C). Thus, his habitual offender adjudication, based on that conviction, does not fall within the application of Code § 46.2-361(B). See id. at 786, 508 S.E.2d at 919.

In its opinion, the trial court stated, "Interpreting the statute as DMV urges would require an interpretation that deems Mr. Boone's conviction arising from a failure to submit a certificate of insurance and pay the uninsured fee the equivalent of a conviction for voluntary manslaughter or for maiming while driving under the influence." However, this result is prohibited by Code § 46.2-361(A), which explicitly denies application "when such . . . adjudication was also based

---

the proceedings. The 1998 amendment inserted "or convictions as set out in subdivision 1 c of § 46.2-351." 1998 Va. Acts, c. 749.

in part . . . on a conviction as set out in subdivision 1 b of [Code] § 46.2-351."

The 1998 amendment to Code § 46.2-361(C) changed the provision "this section shall apply only where the conviction resulted . . ." to "this section shall apply only where the conviction or conviction resulted . . . ." Boone argues that the pre-amendment statute, which governs this case, should be read to permit the application of Code § 46.2-361(B) if at least one of the convictions underlying the habitual offender determination is embraced by Code § 46.2-361(C). He argues that the amendment evinces a legislative intent to change the law by restricting the availability of relief under Code § 46.2-361(B). We reject this argument.

Ordinarily, a statutory change will be deemed to bespeak a legislative intent to change the law. However, that rule does not apply where the change is plainly intended to clarify the meaning of the existing statute. See Boyd v. Commonwealth, 216 Va. 16, 20-21, 215 S.E.2d 915, 918 (1975). The plain purpose of Code § 46.2-361(C), before its amendment, was to define each underlying conviction that could serve to invoke Code § 46.2-361(B). The amendment merely clarified that intent.

The judgment of the trial court is reversed.

Reversed.