COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Baker
Argued at Norfolk, Virginia


COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION* BY
v.     Record No. 1375-98-2         JUDGE JOSEPH E. BAKER
                                         AUGUST 10, 1999
CURTIS EUGENE JOHNSON


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

        Jeffrey A. Spencer, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellant.

        No brief or argument for appellee.


     In this appeal by the Commonwealth of Virginia

(Commonwealth), the sole issue is whether the Circuit Court of

Henrico County (trial court) erred when, on the petition of Curtis

Eugene Johnson (Johnson), it restored Johnson's license to drive,

which had been revoked after he was declared an habitual offender.

The Commonwealth contends that because all of Johnson's

convictions for driving on a suspended license were not due to

suspensions listed in Code § 46.2-361(C), the trial court was not

authorized to restore his license to drive.  We agree and reverse

the trial court's judgment.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The Department of Motor Vehicles (DMV) issued an order of revocation on May 15, 1996, declaring Johnson an habitual offender. The order cited, as the basis for the adjudication, five convictions for driving under revocation or suspension, including: (1) June 12, 1994 (convicted October 28, 1994); (2) December 19, 1993 (convicted October 28, 1994); (3) July 30, 1992 (convicted September 21, 1993); and (4) July 3, 1993 (convicted September 21, 1993).[1] Johnson's DMV driver history record reflected six active license suspensions as of October 28, 1994: (1) October 20, 1989, "for opr permit opr unins mv"; (2) February 14, 1990, "ct order fail to pay fine"; (3) February 13, 1992, "ct order fail to pay fine"; (4) April 1, 1993, "for not found on warrant"; and (5) and (6) September 21, 1993, "for court order."

In order to be eligible for license restoration under Code § 46.2-361(B), the convictions leading to a person being declared an habitual offender must have been based "entirely" on convictions set out in Code § 46.2-351(1)(c). Additionally, the convictions must have been based upon suspensions for failure to pay fines, failure to furnish proof of financial responsibility, or failure to satisfy a judgment. See Code § 46.2-361(C). "[W]here a conviction for driving on a revoked or suspended license is based on an offense committed when the driver is under

---

[1] The fifth conviction, a July 27, 1990 conviction in the Richmond General District Court, was re-opened and dismissed on March 21, 1997, because Johnson was "not the person charged." This conviction no longer appears on Johnson's DMV record.

-

more than one suspension or revocation, [the conviction] is rendered under all such suspensions and revocations." Commonwealth v. Brown, 28 Va. App. 781, 787-88, 508 S.E.2d 916, 920 (1999).  See Commonwealth v. Lynn, 29 Va. App. 151, 156, 510 S.E.2d 270, 273 (1999).

One of the suspensions in effect when Johnson was convicted of driving on a suspended license was for operating or permitting the operation of an uninsured motor vehicle without paying the uninsured motorist fee.  This is not a type of suspension included under Code § 46.2-361(C).  See Brown, 28 Va. App. at 786-87, 506 S.E.2d at 191.  Johnson was not, therefore, eligible for license restoration under Code § 46.2-361(B).

Accordingly, for the reasons stated, the order of restoration is reversed and the petition for restoration is dismissed.

Reversed and dismissed.

-