COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bray and Bumgardner
Argued at Chesapeake, Virginia


COMMONWEALTH OF VIRGINIA

                                    MEMORANDUM OPINION* BY
v.    Record No. 1065-99-1      JUDGE RUDOLPH BUMGARDNER, III
                                         APRIL 11, 2000
SHAWN LEWIS, S/K/A
 SHAWN L. LEWIS


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Johnny E. Morrison, Judge

            Jeffrey A. Spencer, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellant.

            No brief or argument for appellee.


     The trial court granted Shawn Lewis's petition to restore

his driving privileges pursuant to Code § 46.2-361.  The

Commonwealth appeals and argues the court lacked the authority

to do so because three years had not passed since Lewis was

declared an habitual offender.  We agree and reverse the

judgment of the trial court.

     The trial court declared Lewis an habitual offender on

February 15, 1997.  He petitioned for restoration of his license

on February 25, 1999.  Lewis alleged that he was declared an

habitual offender based entirely on convictions for driving

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

while suspended for failure to pay fines.  <u>See</u> Code
§ 46.2-361(B).[1]  However, because all of the defendant's
convictions were not based entirely on subdivision (1)(c) of
former § 46.2-351, the defendant did not qualify for restoration
under Code § 46.2-361(B).  Nevertheless, the trial court granted
the petition restoring the defendant's license under Code
§ 46.2-361(A).[2]  Subsection (A) permits restoration when three

---

[1] Code § 46.2-361(B) provides:

> Any person who has been found to be an
> habitual offender, where the determination
> or adjudication was based entirely upon
> convictions as set out in subdivision 1 c of
> former § 46.2-351, may, after payment in
> full of all outstanding fines, costs and
> judgments relating to his determination, and
> furnishing proof of financial
> responsibility, if applicable, petition the
> court in which he was found to be an
> habitual offender, or the circuit court in
> the political subdivision in which he then
> resides, for restoration of his privilege to
> drive a motor vehicle in the Commonwealth.

[2] Code § 46.2-361(A) provides:

> Any person who has been found to be an
> habitual offender, where the determination
> or adjudication was based in part and
> dependent on a conviction as set out in
> subdivision 1 c of former § 46.2-351, may,
> after three years from the date of the final
> order of a court entered under this article,
> or if no such order was entered then the
> notice of the determination or adjudication
> by the Commissioner, petition the court in
> which he was found to be an habitual
> offender, or the circuit court in the
> political subdivision in which he then
> resides, for restoration of his privilege to
> drive a motor vehicle in the Commonwealth.

-

years have passed since the petitioner was declared an habitual offender. On the form order used to record the findings and the judgment, the trial court deleted the preprinted words "three years have [passed]" and interlined a finding that "a sufficient period has [passed]." The Commonwealth objected to the order.

After three years, a person found to be an habitual offender may petition for restoration of driving privileges under Code § 46.2-361(A). The petitioner bears the burden of proving by a preponderance of the evidence that he is eligible for restoration of his driving privileges. See Commonwealth v. Lynn, 29 Va. App. 151, 155, 510 S.E.2d 270, 272 (1999) (petitioner not eligible for restoration under Code § 46.2-361(A) where only six months passed from date declared habitual offender); Commonwealth v. Brown, 28 Va. App. 781, 786, 508 S.E.2d 916, 919 (1999) (restoration reversed where one of defendant's convictions did not meet requirements of statute).

This petition was filed only two years after the habitual offender determination. The findings recited in the order show that the petitioner did not qualify for the relief granted. The petition for restoration must be filed three years after the

_____

> In no event, however, shall the provisions
> of this subsection apply when such person's
> determination or adjudication was also based
> in part and dependent on a conviction as set
> out in subdivision 1 b of former § 46.2-351.
> In such case license restoration shall be in
> compliance with the provisions of
> § 46.2-360.

-

habitual offender declaration.  The finding that "a sufficient period has" passed, rather than the necessary finding that "three years have" passed, constituted a finding that the petitioner did not meet the requirements necessary for restoration of his license.  The trial court erred in restoring the driving privilege before the required three years had passed.  Accordingly, we reverse the judgment.

Reversed.