COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Bumgardner and Senior Judge Hodges
Argued at Chesapeake, Virginia


COMMONWEALTH OF VIRGINIA/
 DEPARTMENT OF MOTOR VEHICLES
                                       MEMORANDUM OPINION[*] BY
v.   Record No. 1248-00-2         JUDGE RUDOLPH BUMGARDNER, III
                                             APRIL 17, 2001
LLOYD WAYNE TAYLOR


           FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

        Eric K. G. Fiske, Assistant Attorney General
        (Mark L. Earley, Attorney General, on
        briefs), for appellant.

        (Andrea C. Long; Boone, Beale, Crosby & Long,
        on brief), for appellee.


     The Commonwealth of Virginia/Department of Motor Vehicles

appeals the decision of the trial court reinstating Lloyd Wayne

Taylor's driver's license.  For the following reasons, we

reverse.

     The Department of Motor Vehicles suspended Taylor's

driver's license for failing to attend a Driver Improvement

Clinic.  Code § 46.2-503.  Subsequently, he was convicted three

times for driving while under that suspension.  The Department

declared him an habitual offender based on those three

convictions and revoked his driver's license April 25, 1997.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Taylor petitioned for reinstatement of his license pursuant to Code § 46.2-361(B).[1]  He alleged the basis for his habitual offender status was failure to pay fines, court costs, and reinstatement fees.  The Commonwealth moved to dismiss the petition because the defendant's convictions did not satisfy the requirements of Code § 46.2-361(B).  The trial court reinstated Taylor's license May 2, 2000.

A petitioner has the burden of proving he meets the statutory conditions for restoration.  If any one of the predicate convictions does not meet the requirements of Code § 46.2-361(C),[2] the petitioner is not entitled to restoration of

---

[1] Code § 46.2-361(B).  Any person who has been found to be an habitual offender, where the determination or adjudication was based entirely upon a combination of convictions of § 46.2-707 and convictions as set out in subdivision 1 c of former § 46.2-351, may, after payment in full of all outstanding fines, costs and judgments relating to his determination, and furnishing proof of (i) financial responsibility and (ii) compliance with the provisions of Article 8 (§ 46.2-705 et seq.) of Chapter 6 of this title or both, if applicable, petition the court in which he was found to be an habitual offender, or the circuit court in the political subdivision in which he then resides, for restoration of his privilege to drive a motor vehicle in the Commonwealth.

[2] Code § 46.2-361(C).  This section shall apply only where the conviction or convictions as set out in subdivision 1 c of former § 46.2-351 resulted from a suspension or revocation ordered pursuant to (i) § 46.2-395 for failure to pay fines and costs, (ii) § 46.2-459 for failure to furnish proof of financial responsibility, or (iii) § 46.2-417 for failure to satisfy a judgment, provided the judgment has been paid in full prior to the time of filing the petition or was a conviction under § 46.2-302 or former § 46.1-351.

-

his driver's license.  Commonwealth v. Brown, 28 Va. App. 781, 786, 508 S.E.2d 916, 919 (1999).

Taylor's convictions for driving on a suspended license were based on a suspension under Code § 46.2-503.  They do not satisfy the second criteria of Code § 46.2-361(C).  The petitioner did not meet the requirements of Code § 46.2-361.  Accordingly, we reverse the order restoring Taylor's driving privileges and dismiss his petition.

Reversed and dismissed.

-