COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Annunziata and Agee
Argued at Alexandria, Virginia


COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF MOTOR VEHICLES

                                    MEMORANDUM OPINION* BY
v.   Record No. 1877-00-4     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         MAY 29, 2001
DAVID L. TICE


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                  James W. Haley, Jr., Judge

         Eric K.G. Fiske, Assistant Attorney General
         (Mark L. Earley, Attorney General, on brief),
         for appellant.

         No brief or argument for appellee.


     The Department of Motor Vehicles (DMV) appeals from an order

entered pursuant to Code § 46.2-361(B) restoring the driving

privileges of David L. Tice, previously determined an habitual

offender by the Commissioner of the Department of Motor Vehicles.

The DMV contends that the trial court lacked authority to restore

Tice's driving privileges under Code § 46.2-361(B) because the

convictions which led to the habitual offender determination did

not meet the requirements of Code § 46.2-361(B).  Because the

underlying conviction was for "insurance monitoring," a suspension

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

not delineated in Code § 46.2-361(C), we agree with DMV and reverse the trial court's restoration of Tice's driver's license.

## I.

On March 11, 1997, the Commissioner of the Department of Motor Vehicles determined Tice to be an habitual offender and revoked his driving privileges indefinitely. The habitual offender determination was based upon three convictions for "driving under revocation or suspension"; one conviction on February 12, 1991 in Stafford County General District Court and two convictions by Kentucky courts on January 30, 1997 and July 12, 1997. At the time of all three convictions, Tice's license had been suspended since July 27, 1990 for "insurance monitoring," pursuant to Code § 46.2-706.

On June 6, 2000, Tice filed a Petition for Restoration of Driving Privilege with the circuit court. Tice alleged that he was seeking restoration under Code § 46.2-361(B). The DMV opposed his motion contending that Tice did not meet the qualifications of Code § 46.2-361(B) because his original suspension was for "insurance monitoring." On July 17, 2000, the circuit court entered an order restoring Tice's driving privileges. The DMV appeals from that order.

## II.

In seeking restoration of his driving privileges, Tice bore the burden of proving by a preponderance of the evidence that he met the statutory conditions. Commonwealth v. Brown, 28 Va.

-

App. 781, 786, 508 S.E.2d 916, 919 (1999). Code § 46.2-361(B)

provides:

> Any person who has been found to be an
> habitual offender, where the determination
> or adjudication was based entirely upon a
> combination of convictions of § 46.2-707 and
> convictions as set out in subdivision 1 c of
> former § 46.2-351, may, after payment in
> full of all outstanding fines, costs and
> judgments relating to his determination, and
> furnishing proof of (i) financial
> responsibility and (ii) compliance with the
> provisions of Article 8 (§ 46.2-705 et seq.)
> of Chapter 6 of this title or both, if
> applicable, petition the court in which he
> was found to be an habitual offender, or the
> circuit court in the political subdivision
> in which he then resides, for restoration of
> his privilege to drive a motor vehicle in
> the Commonwealth.

Code § 46.2-361(C) adds the following limitations:

> This section shall apply only where the
> conviction or convictions as set out in
> subdivision 1 c of former § 46.2-351
> resulted from a suspension or revocation
> ordered pursuant to (i) § 46.2-395 for
> failure to pay fines and costs, (ii)
> § 46.2-459 for failure to furnish proof of
> financial responsibility, or (iii)
> § 46.2-417 for failure to satisfy a
> judgment, provided the judgment has been
> paid in full prior to the time of filing the
> petition or was a conviction under
> § 46.2-302 or former § 46.1-351.

Thus, under the statute, if Tice's predicate conviction did

not meet the requirements of Code § 46.2-361(C), he was not

entitled to restoration of his driving privileges. See Brown,

28 Va. App. at 786, 508 S.E.2d at 919. We have previously held

that "conviction for violation of a license suspension issued

-

pursuant to Code §§ 46.2-706 or 46.2-707 is not one of the bases enumerated in Code § 46.2-361(C)."  Id. at 787, 508 S.E.2d at 919; see also Commonwealth v. Boone, 30 Va. App. 439, 442, 517 S.E.2d 275, 277 (1999).  Thus, because Tice's driving privileges were suspended for "insurance monitoring" under Code § 46.2-706, his habitual offender determination does not fall within the application of Code § 46.2-361(B).  See id.  Accordingly, we hold that the trial court erred in granting Tice's petition for restoration of his driving privileges.

Reversed.